IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 5:13-CR-00030 |
| | ) | |
| CHARLES FRANKLIN BROWN | ) | |

## UNITED STATES' MOTION TO DISMISS IN RESPONSE TO PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

The United States of America, by its counsel, Craig J. Jacobsen, Assistant United States Attorney, herein responds to Petitioner Brown's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] Brown claims that he was denied effective assistance of counsel in violation of the Sixth Amendment to the U.S. Constitution, in that counsel failed to: 1) file a speedy trial motion to dismiss the indictment; 2) file a motion to suppress evidence obtained in searches by law enforcement; 3) file a motion to suppress petitioner's incriminating statements; 4) argue his prosecution violated double jeopardy; 5) enforce petitioner's constitutional rights under the first plea agreement; 6) file a motion for vindictive prosecution; 7) argue the prosecutor improperly influenced the grand jury's decision to indict the petitioner; 8) inform the petitioner as to the true nature of the charges and erroneously advised petitioner to plead guilty; 9) properly advise the petitioner to not waive his rights to file a 2255 petition under the terms of the plea agreement; 10) file various objections to the Pre-Sentence Report; and 11) file a notice of appeal. In addition, petitioner also claims: 12) the government failed to disclose or withheld

---

[1] Brown filed his initial 2255 petition on November 12, 2015. On March 2, 2016, Brown filed an amended 2255 petition. It is uncertain whether Brown intended to supplement his initial 2255 petition or replace it completely. As a result, the government will respond to all of Brown's arguments in both petitions.

Case 5:13-cr-00030-MFU-RSB   Document 454   Filed 04/18/16   Page 1 of 31   Pageid#: 4527

favorable evidence to the defense. For the reasons set forth below, Brown's claims are without merit and his petition should be dismissed, subject to an evidentiary hearing on the issue of whether Brown instructed counsel to file a notice of appeal and if so, when?

## FACTS AND PROCEDURAL BACKGROUND

On May 9, 2013, Virginia State Police stopped a vehicle Brown was driving.[2] Brown momentarily pulled his vehicle to the side of the road and then sped away before officers could approach his vehicle. During the pursuit, Brown threw a Washington Redskins backpack and a Taurus TCP .380 handgun from his vehicle. The pursuit continued through the city of Staunton, endangering several innocent bystanders. Brown's vehicle was eventually stopped and he was taken into custody. Police recovered the backpack and firearm. Inside the backpack was $7,630.00 in cash bundled into 14 separate stacks and 73.11 grams of marijuana. On Brown's person, police recovered a plastic baggie containing .53 grams of marijuana and $761.00 in cash. Brown was read his *Miranda* rights and acknowledged that he understood them. After acknowledging his *Miranda* rights, Brown admitted that he sold marijuana. Brown further admitted that the Taurus firearm and backpack were his and that he had thrown them out the window of his car during the pursuit. At the time of his arrest, Brown had been convicted of felony possession with intent to distribute cocaine and felony distribution of cocaine in 1998. The Taurus firearm was determined to have travelled in interstate commerce.

On August 1, 2013, a three-count indictment (5:13-CR-00017-MFU) was returned by the Federal Grand Jury for the Western District of Virginia, charging Brown with: 1) possessing marijuana with the intent to distribute, in violation of 21 U.S.C. §841; 2) possessing a firearm while a convicted felon, in violation of 18 U.S.C. §922(g); and 3)

---

[2] These facts are taken from the Stipulated Statement of Facts #5:13-CR00017-MFU and the Government's Sentencing Memorandum and attached police report filed with the Court.

Case 5:13-cr-00030-MFU-RSB   Document 454   Filed 04/18/16   Page 2 of 31   Pageid#: 4528

possessing a firearm in furtherance of drug trafficking crime, in violation of 18 U.S.C. §924(c). On August 15, 2013, Brown was arraigned on the indictment and the Federal Public Defender (Andrea Harris) was appointed as counsel. Brown was released on a $20,000 unsecured bond and a jury trial date was set for October 21, 2013. On September 13, 2013, the government filed a sentencing information pursuant to 21 U.S.C. §841, based on Brown's prior felony drug convictions. On October 1, 2013, Brown's counsel filed a motion to continue the jury trial which was granted by the Court. The new jury trial date was set for December 16, 2013.

On December 3, 2013, Brown and the government entered into a plea agreement where Brown would plead guilty to the charges of distribution of marijuana and possession of a firearm in furtherance of a drug trafficking crime. *Pageid# 1106.*[3] In the plea agreement, the parties stipulated to a drug weight of 250 grams up to 1 KG of marijuana and a 2 level enhancement to the offense level based on reckless endangerment during flight, pursuant to USSG §3C1.2. The signed plea agreement was filed with the Court and a guilty plea hearing was scheduled for January 22, 2014.

On December 5, 2013, Brown was indicted on unrelated federal charges with six other defendants (5:13-CR-00030-MFU) for conspiring to distribute and to possess with intent to distribute cocaine and methamphetamine, in violation of 21 U.S.C. § 846. Brown was specifically charged with conspiring to distribute 500 grams or more of methamphetamine, triggering a mandatory minimum sentence of 10 years. On December 20, 2013, Brown was arraigned on the new federal charge and was released on a $20,000 secured bond. Attorney Sherwin Jacobs was appointed to represent Brown. A jury trial date was set for February 24,

---

[3] All references to documents attached to Brown's 2255 petition are to the assigned Page number, listed as "Pageid#".

Case 5:13-cr-00030-MFU-RSB   Document 454   Filed 04/18/16   Page 3 of 31   Pageid#: 4529

2014. As a result of the new federal indictment, the Court cancelled the guilty plea hearing of January 22, 2014 in case 5:13-CR-00017-MFU. However, pursuant to 18 U.S.C. § 3161(h)(1)(G), the speedy trial time was still tolled as to this case since Brown's plea agreement was still under consideration by the Court.

On January 5 and February 18, 2014, attorney Jonathan Simms substituted in as counsel of record for Brown in both cases. On January 29, 2014, the government filed a sentencing information in case 5:13-CR-00030-MFU pursuant to 21 U.S.C. §851, based on Brown's prior felony drug convictions. On January 6, 2014, the Court granted Brown's motion to continue the trial date in case 5:13-CR-00030-MFU and set a new trial date for May 12, 2014. On April 22, 2014, the trial date was further continued on defense motion to July 21, 2014.

On July 1, 2014, Brown entered into a new plea agreement (which involved both cases #5:13-CR-00017-MFU and #5:13-CR-00030-MFU) with the government which was filed with the Court. Pursuant to the terms of the new plea agreement, Brown agreed to plead guilty to Count 2 of indictment 5:13-CR-00017-MFU charging him with possessing a firearm in furtherance of drug trafficking activities and Count 1 of indictment 5:13-CR-00030-MFU, which charged him with participating in a drug trafficking conspiracy. Brown and the government jointly requested the original plea agreement, submitted to the Court in case #5:13-CR-00017-MFU, be withdrawn. The new plea agreement was pursuant to Rule 11(c)(1)(C) and provided for an agreed upon sentence of 216 months. The government agreed to dismiss the §851 sentencing enhancement. Additional terms of the plea agreement provided that Brown was waiving his right to appeal and collaterally attack the judgment and sentence in his case, except for a claim of ineffective assistance of counsel. In this regard, Brown acknowledged in the plea agreement that he was fully satisfied with his attorney and had no

dissatisfaction or complaint with his attorney's representation. Brown further agreed in the plea agreement that he would make known to the Court no later than at the time of sentencing, any complaint he had with his attorney's representation.[4] The plea agreement was also accompanied by two signed Statements of Facts, summarizing Brown's criminal involvement in both indictments. The Statement of Facts regarding case #5:13-CR-00017-MFU has been previously summarized herein. The Statement of Facts as to case # 5:13-CR-00030-MFU is summarized as follows:

Brown was a member of a conspiracy to distribute methamphetamine and cocaine from around January 1, 2001 to December 5, 2013. During the conspiracy, Brown distributed illegal narcotics, including powder cocaine, cocaine base and methamphetamine for a number of co-conspirators, including Daniel Walker, aka "Doc". Walker normally "fronted" the drugs to Brown, and then would pay Walker back once he sold the drugs. During peak times of the conspiracy, Brown would obtain multi-pound quantities of pure methamphetamine, more commonly referred to as "ice", from Walker which he would sell to others. In the summer of 2009 alone, both Brown and co-conspirator Dunte Rose obtained 25-30 pounds of ice methamphetamine from Walker. According to Walker, co-conspirator Luis Quinones-Rodriguez was his methamphetamine source of supply. In 2009, Brown would regularly pick up ice methamphetamine directly from Quinones-Rodriguez and pay him as well for methamphetamine previously fronted to Brown by Walker. Brown's largest customer of ice and regular methamphetamine was an individual who advised Brown that he was selling the methamphetamine to customers in West Virginia. During the course of the conspiracy, Brown also personally distributed between 2.8 and 8.4 kilograms of crack cocaine. Co-

---

[4] At no time during the plea colloquy or sentencing did Brown ever express any dissatisfaction with his attorney's representation.

conspirators Walker and Merlin Jackson were Brown's main crack cocaine sources of supply. Brown also sold crack cocaine to Jackson on numerous occasions during the conspiracy.

On July 22, 2014, Brown plead guilty to Count 2 of indictment 5:13-CR-00017-MFU charging him with possessing a firearm in furtherance of drug trafficking activities and Count 1 of indictment 5:13-CR-00030-MFU, which charged him with participating in a drug trafficking conspiracy. During the plea colloquy, the Court advised Brown of the nature of the charges to which he was pleading guilty and the penalties. Brown advised the Court that he understood the charges. *Pageid# 946.* Brown's counsel further advised the Court (in Brown's presence) that it was his opinion that Brown fully understood the charges and the evidence against him. *Pageid# 947.* When asked if he had any dissatisfaction with his counsel, Brown responded: "*Not at all*". *Pageid# 965.* When asked if he was fully satisfied with the advice and representation his lawyer had given him in the case, Brown replied: "*Definitely*". *Id.*

Probation determined Brown was responsible for a drug weight of more than 15 kilograms of methamphetamine or 1.5 kilograms of "ice", which resulted in a base offense level of 38, pursuant to U.S.S.G. § 2Dl.1(c)(1). It was also determined that Brown qualified as a Career Offender, pursuant to U.S.S.G.§4B1.1, based on two previous felony convictions for possession of cocaine and distribution of cocaine. However, since the base offense level for Career Offender was lower than 38 (37), Brown's base offense level remained at 38. With three points off for acceptance of responsibility, Brown's total offense level was determined to be 35. Probation assigned Brown a total of four criminal history points, resulting in a Criminal History Category of III. However, since Brown qualified as a Career Offender, he was automatically a Criminal History Category VI. With a total base offense level of 35 and a Criminal History Category of VI, Brown's sentencing guideline range was determined to be 292 to 365 months in

prison, with an additional 60 month consecutive sentence as a result of the 18 U.S.C. §924(c) conviction. Thus, Brown's total sentencing guideline range was 352 to 425 months.

On November 6, 2014, the Court accepted the plea agreement and sentenced Brown to the agreed upon term of 216 months. This sentence consisted of 156 months on Count 1 in case #5:13-CR-00030-MFU and 60 months on Count 2 in case #5:13-CR-00017-MFU. Since Brown had expressly waived his right to appeal in his plea agreement, no appeal was filed.

## ARGUMENT

Brown's claims are wholly without merit and completely devoid of any support in the record. Although Brown argues his counsel was ineffective for a number of reasons, he can neither demonstrate his attorney's performance fell below an objective standard of reasonableness nor show he suffered any prejudice as a result of the alleged deficient performance. In short, Brown's claims for relief due to ineffective assistance of counsel fail to meet the high bar of the *Strickland* standard. As noted herein, however, an evidentiary hearing should be required as to the sole issue of whether Brown instructed his counsel to file a notice of appeal. Finally, Brown's blanket assertion that the prosecutor failed to disclose favorable evidence to the defense is totally unsupported by the record, since Brown fails to allege what favorable evidence was withheld. Since Brown's claims have no support in law or fact, they should all should be dismissed forthwith, and with prejudice.

## I. BROWN'S COUNSEL WAS NOT INEFFECTIVE

To prove ineffective assistance of counsel, a petitioner must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). If a petitioner has not satisfied one prong of the *Strickland* test, the court does not need to inquire whether he has satisfied the other prong. *Strickland*, 466 U.S. at 697.

The first prong of *Strickland* requires a petitioner to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88. *Strickland* established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. As it is "all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, . . . [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. Furthermore, "effective representation is not synonymous with errorless representation." *Springer v. Collins*, 586 F.2d 329, 332 (4th Cir.1978).

The second prong of *Strickland* requires a petitioner to show that counsel's deficient performance prejudiced him. *Strickland*, 466 U.S. at 692. To establish prejudice, a petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. This would require petitioner to produce actual evidence, in other words, something more than conclusory statements. When a defendant challenges a conviction entered after a guilty plea, he must show that there is a reasonable probability that, but for counsel's errors, he would have not pled guilty but rather insisted on going to trial. *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). The defendant bears the burden of proving the *Strickland* prejudice. *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir.), *cert denied*, 506 U.S. 885 (1992). Absent the defendant

meeting this burden, a reviewing court need not consider the performance prong. *Strickland* at 697.

A defendant who alleges ineffective assistance of counsel following entry of a guilty plea has an even higher burden to meet. *See*, *Hill v. Lockhart*, 474 U.S. 52, 53-59 (1985); *Fields.*, 956 F.2d at 1294-99.

A. <u>There Were No Grounds To Assert a Speedy Trial Violation</u>.

Brown first alleges his counsel was ineffective by failing to assert a violation of his speedy trial rights under I8 U.S.C. § 3161 and the Sixth Amendment. *§ 2255 petition, p. 7.* For the reasons set forth below, Brown's claim is without merit.

The Speedy Trial Act, codified in 18 U.S.C. § 3161 *et seq*., requires a defendant be brought to trial within 70 days of indictment or initial appearance in the court in which the charge is pending. I8 U.S.C. § 3161(c)(1). However, the 70 day period is subject to a number of specific delays which are excluded from computing the time within which the trial must commence. 18 U.S.C. § 3161(h). For example, any period of delay resulting from any pre-trial motion or consideration of a plea agreement from the date of filing to a disposition of the motion or acceptance of the plea agreement is excluded time. 18 U.S.C. § 3161(h)(1)(D) and (G). The court may exclude time if it determines the ends of justice served by the exclusion outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Factors a judge shall consider in whether to grant a continuance under 18 U.S.C. § 3161(h)(7)(A) include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of

Case 5:13-cr-00030-MFU-RSB   Document 454   Filed 04/18/16   Page 9 of 31   Pageid#: 4535

fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in § 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B). Speedy Trial Act violations that are not raised in a timely manner will be deemed waived. *United States v. Davis*, 954 F.2d 182, 187 (4th Cir. 1992).

Brown was arraigned on indictment #5:13-CR-00017-MFU on August 15, 2013 and released on an unsecured bond. A jury trial was set for October 21, 2013. On October 1, 2013, Brown's counsel filed a motion to continue the trial date on the grounds that she was still reviewing discovery and looking into possible defenses, and requested additional time in order to thoroughly advise the defendant of his rights and engage in plea negotiations with the government. The government had no objection. On October 2, 2013, the Court granted the motion, finding such a continuance specifically allowed counsel additional time to prepare for trial, and that the ends of justice in granting the continuance outweighed the best interest of the public and the defendant in a speedy trial, citing 18 U.S.C. § 3161(h)(7)(A) of the Speedy Trial Act. A new trial date of December 16, 2013 was selected. On December 3, 2013, a signed plea agreement was filed with the Court. This had the effect of tolling the speedy trial clock until the Court accepted the plea agreement.

Case 5:13-cr-00030-MFU-RSB   Document 454   Filed 04/18/16   Page 10 of 31   Pageid#: 4536

On December 20, 2013, Brown was arraigned on indictment #5:13-CR-00030-MFU. Attorney Sherwin Jacobs was appointed to represent Brown and a jury trial date was set for February 24, 2014. Thereafter, Brown retained attorney Jonathan Simms who substituted in as counsel of record for Brown on January 5, 2014. On the same date, Brown's counsel filed a motion to continue the February 24, 2014 trial date, noting he had a previously set trial in another case that was scheduled to commence on February 25, 2014. On January 6, 2014, the Court granted the motion to continue the trial date finding such a continuance specifically allowed counsel additional time to prepare for trial, and that the ends of justice in granting the continuance outweighed the best interest of the public and the defendant in a speedy trial, citing 18 U.S.C. § 3161(h)(7)(A) of the Speedy Trial Act. A new trial date of July 21, 2014 was selected.

On January 17, 2014, Brown's counsel in case #5:13-CR-00017-MFU (Public Defender Andrea Harris) filed a motion to continue Brown's guilty plea and requested a status hearing to determine whether a conflict of interest had now arose from representing previous clients now named in the new indictment #5:13-CR-00030-MFU. On February 20, 2014, Brown's counsel in #5:13-CR-00017-MFU (Jonathan Simms) was substituted as counsel of record for Brown in case #5:13-CR-00030-MFU.

On July 1, 2014, the government and Brown filed a new plea agreement with the Court which covered both indictments. On July 22, 2014, Brown pled guilty to charges in both indictments and jointly moved with the government to withdraw the previously filed plea agreement in case #5:13-CR-00017-MFU.

As can be seen from the recitation of facts above, there was no violation of the Speedy Trial Act. The motions to continue the respective trial dates and orders were all in accordance with permitted delays which are excluded from computing the time within which the trial must

Case 5:13-cr-00030-MFU-RSB   Document 454   Filed 04/18/16   Page 11 of 31   Pageid#: 4537

commence. 18 U.S.C. § 3161(h). In addition, the signed plea agreement in case #5:13-CR-00017-MFU which was filed with the Court on December 3, 2013, tolled the speedy trial clock until July 22, 2014, when both Brown and the government jointly requested the Court's permission to withdraw it in place of the new plea agreement. Since the Court never accepted the initial plea agreement, the time from December 3, 2013 to July 22, 2014 was excludable time under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(G). Contrary to Brown's assertion that the government intentionally delayed Brown's speedy trial rights for a tactical advantage, it was Brown, not the government, who requested the delays. Since there was no Speedy Trial Act violation, it can hardly be said counsel was ineffective in failing to file a motion to dismiss the indictment on such grounds. *See Goldsby v. United States,* 152 Fed. Appx. 431, 438 (6th Cir.2005) (unpublished decision) (Failure to file a frivolous motion is not ineffective assistance of counsel).[5]

    **B. Counsel Was Not Ineffective For Failing to File a Motion to Suppress When Brown Does Not Even Specify What Evidence Should Have Been Suppressed**

Brown next argues that counsel was ineffective for failing to file a requested motion to suppress evidence seized in violation of the Fourth Amendment. *§ 2255 petition, p. 10.* Unfortunately, Brown fails to state what evidence his counsel should have moved to suppress. The only allegation Brown makes in his one page argument on this subject, is the following conclusory summary:

> "Petitioner's 4th Amendment rights were violated, counsel being weel (*sic*) aware of the   violation and failing to file a requested timely pre-trial motion, see Docket sheet where no pre-trial motions were filed pertaining to the Fourth Amendment violations.... Counsels inactions cannot be deemed a reasonable defense or strategic to protect the interest of Petitioner."

---

[5] Even assuming there was a Speedy Trial Act violation, a valid guilty plea waives Speedy Trial Act violations. See, *Tollett v. Henderson*, 411 U.S. 258 (1973) (valid guilty plea waives all non-jurisdictional defects).

Case 5:13-cr-00030-MFU-RSB   Document 454   Filed 04/18/16   Page 12 of 31   Pageid#: 4538

The mere failure to file a motion to suppress is not evidence of a counsel's deficient performance. The motion to suppress has to have some merit. However, nowhere does Brown allege what evidence should have been suppressed. As such, the government is unable to intelligently respond to this claim. If Brown is referring to evidence seized from his arrest on May 9, 2013, this claim is easily dispensed with. The firearm and backpack containing $7,630.00 in cash and marijuana were thrown by Brown from his car during the pursuit. Thus, there was no 4th Amendment issue involved in seizing these items since Brown had abandoned them. *See, Abel v. United States 362 U.S. 217, 241 (1960); United States v. Stevenson*, 396 F.3d 538, 546-47 (4th Cir. 2005). If Brown is referring to the search of his person where police recovered a small amount of marijuana and some cash, this was a permissible search subject to his arrest. *See, Michigan v. DeFillippo*, 443 U.S. 31, 35 (1979); *United States v. Robinson*, 414 U.S. 218 (1973); *Chimel v. California*, 396 U.S. 752, 762-63 (1969). Consequently, any motion to suppress the evidence seized from Brown's May 9, 2013 arrest would have been frivolous. Since failure to file a frivolous motion is not ineffective assistance of counsel, Brown's claim fails. *Goldsby v. United States,* 152 Fed. Appx. 431, 438 (6th Cir. 2005) (unpublished decision).

C.  Counsel Was Not Ineffective in Failing to Move to Suppress Brown's Self-Incriminating Statements As They Were Not in Violation of the Fifth Amendment

Brown next argues his counsel was ineffective for failing to attempt to suppress his self-incriminating statements obtained in violation of the Fifth Amendment. *§ 2255 petition 11-21.* This argument is without merit.

It appears the incriminating statements to which Brown is referring, involve his earlier cooperation with law enforcement back in 2010, which is described in detail in the government's sentencing memorandum. *Pageid# 3164-3166.* In March 2010, Brown was arrested for failure to pay child support.  In attempt to be released from custody, Brown voluntarily contacted law

Case 5:13-cr-00030-MFU-RSB   Document 454   Filed 04/18/16   Page 13 of 31   Pageid#: 4539

enforcement about the drug activities of his eventual co-defendants Daniel Walker, Luis Quinones-Rodriguez, Dunte Rose and others. At the time, law enforcement was actively investigating the drug trafficking of Walker and Quinones-Rodriguez. Brown met with officers three different times over a three day period in which he described Walker and Quinones-Rodriguez dealing in substantial quantities of ice methamphetamine which also involved substantial amount of money. Brown also acknowledged that he and Dunte Rose were selling pound quantities of ice methamphetamine which were supplied from Walker and Quinones-Rodriguez. The interview of Brown was entirely voluntary and initiated at his request. Brown simply offered this information to help himself.

After the interviews with Brown, he eventually was released from custody. Thereafter, on numerous occasions, law enforcement attempted to contact Brown to work proactively. He refused, even after being told that he would eventually be charged in a drug conspiracy with Walker, Quinones-Rodriguez and others. Contrary to Brown's assertion in his petition, Brown did not appear before the Grand Jury. *See petition, p. 13*.

In addition, at no time was Brown given transactional or use immunity in return for his proffered statements. Indeed, in a telling omission, nowhere in his petition does Brown claim that prosecutor's promised him any kind of immunity for his cooperation. Brown simply claims that he deserved some type of informal immunity.  In doing so, he relies on *United States v. Harvey*, 869 F.2d 1439 (11th Cir. 1989) for the proposition that a formal grant of immunity under 18 U.S.C. § 6002. However, *Harvey* specifically involved a finding that the defendant had in fact received transactional and use immunity for the government. Such is not the case here.

Since Brown's statements were not made in violation of the Fifth Amendment nor was he promised any type of immunity, there were no grounds from which to file a motion to suppress the statements. As such, counsel's failure to do so was reasonable.

D.  The Second Indictment Did Not Violate Double Jeopardy

Brown next argues that counsel was ineffective in failing to argue the Double Jeopardy Clause barred prosecution of the second indictment #5:13-CR-00030-MFU, since Brown had signed a plea agreement in case #5:13-CR-00017-MFU. *§ 2255 petition, p. 22.* Brown argument is without merit.

The Double Jeopardy Clause guarantees that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." *U.S. Const., Amend V*. There are two distinct components to this guarantee. The first provides protections against the imposition of cumulative *punishments* for the same offense in a single criminal trial; the second against being subject to successive *prosecutions* for the same offense, without regard to the actual imposition of punishment. *United States v. Ragins*, 840 F.2d 1184, 1187 (4th Cir. 1988). In determining whether a successive prosecution is barred by the Double Jeopardy Clause, the Court looks to whether the government used the evidence that established the first offense to obtain a conviction on the second offense as well. *United States v. Jarvis*, 7 F.3d 404, 410 (4th Cir. 1993). This "same evidence test" will usually provide adequate protection against successive prosecutions. *Ragins*, 840 F.2d at 1188.

There is nothing even remotely similar to the two indictments. The first indictment #5:13-CR-00017-MFU arose out of a traffic pursuit where Brown threw a firearm and backpack, which contained cash and marijuana, from his car. Brown was charged with possession to distribute marijuana, possession of a firearm in furtherance of drug trafficking and possession of a firearm by a convicted felon. Brown was the only defendant charged in the indictment and the criminal activity covered the span of one day (May 9, 2013). In contrast, the second indictment #5:13-CR-00030-MFU involved a conspiracy to distribute cocaine and more than 500 grams of methamphetamine (not marijuana) over the course of almost 14 years. Brown was not charged

Case 5:13-cr-00030-MFU-RSB   Document 454   Filed 04/18/16   Page 15 of 31   Pageid#: 4541

with any firearm offense nor any substantive drug offenses. In addition, Brown was one of seven defendants charged in the indictment. The evidence established that Brown had distributed large amounts of powder cocaine, cocaine base and methamphetamine on behalf of a number of co-conspirators, to numerous lower level drug dealers throughout the course of the conspiracy.

The dissimilarity of the two indictments can be summed up as follows: They involved different facts, different drugs, different charges, different defendants and different times. Clearly, these facts fail the "same evidence' test set forth in *Ragins* and *Jarvis*. Since there was no double jeopardy violation, it can hardly be said counsel was ineffective in failing to file a motion to dismiss the indictment on such grounds.

> E.  Counsel Was Not Ineffective in Failing to Enforce the Terms of the First Plea Agreement Since a Resolution of Both Indictments in One Plea Agreement Was to Brown's Benefit.

Brown next claims that his counsel was ineffective in failing to enforce the terms of the first plea agreement. *§ 2255 petition 27*-33. This claim is easily dispensed with.

As previously noted herein, Brown and the government entered into a plea agreement to the first indictment (5:13-CR-00017-MFU) on December 3, 2013. The signed plea agreement was submitted to the Court, but a Rule 11 guilty plea never occurred. Two days later, on December 5, 2013, Brown was indicted on the new federal charges (5:13-CR-00030-MFU) involving the drug conspiracy. These new charges carried a significantly harsher penalty for Brown based on his previous felony drug convictions.  As a result of the new federal indictment, the Court cancelled the guilty plea hearing in 5:13-CR-00017-MFU.

On July 1, 2014, Brown entered into a new plea agreement (which involved both cases # 5:13-CR-00017-MFU and 5:13-CR-00030-MFU). Brown and the government jointly

requested the original plea agreement, submitted to the Court in case #5:13-CR-00017-MFU, be withdrawn. The new plea agreement was pursuant to Rule 11(c)(1)(C) and provided for an agreed upon sentence of 216 months. Probation had calculated Brown's total sentencing guideline range for both offenses to be 352-425 months. Brown's counsel was able to negotiate a plea agreement involving both cases with a total sentence of almost 50% less that the high end of the sentencing guidelines. In addition, counsel was able to convince the government to dismiss the §851 sentencing enhancement, which would have resulted in a mandatory minimum sentence of twenty years alone in case 5:13-CR-00030-MFU.

As can be seen, Brown's counsel did an exceptional job negotiating a plea agreement very favorable to Brown. In fact, Brown seemingly does not dispute this. Rather, Brown is apparently under the illusion that by enforcing the first plea agreement, it would have somehow insulated from any further charges in 5:13-CR-00030-MFU. Obviously, this is not the case and Brown cites absolutely no authority which would have estopped the government from filing the new charges. The two indictments involved completely separate charges and events.

Furthermore, Brown made absolutely no objection during his Rule 11 plea colloquy to the new plea agreement or withdrawing the first plea agreement, for that matter. When the Court asked his counsel, in the presence of Brown, whether Brown wished to withdraw his first plea agreement and substitute it for the new plea agreement, counsel stated: "*Yes your honor, that is his intent.*" *Pageid#939*.

Since Brown cannot show that he suffered any prejudice from the terms of the new plea agreement and that he voiced no objection to the withdrawal of the first plea agreement, his claim must fail.

F.  There Was No Basis For Counsel to File a Vindictive Prosecution Motion.

Brown next argues that counsel was ineffective by failing to file a motion for vindictive prosecution. *§ 2255 petition, p. 34.* For the reasons set forth below, Brown's claim is without merit.

A prosecutor violates the Due Process Clause of the Fifth Amendment by exacting a price for a defendant's exercise of a clearly established right or for punishing the defendant for doing what the law plainly entitles him to do. Such retaliatory conduct amounts to vindictive prosecution and is unconstitutional. *United States v. Wilson*, 262 F.3d 305, 314 (4th Cir. 2001). To establish prosecutorial vindictiveness, a defendant must show, **through objective evidence**, that 1) the prosecutor acted with genuine animus toward the defendant and 2) the defendant would not have been prosecuted but for that animus. *Id*, (*emphasis added*) *citing United States v. Goodwin*, 457 U.S. 368, 372 (1982)(to establish vindictive prosecution, a defendant must show charges were brought "solely to penalize him and could not be justified as a proper exercise of prosecutorial discretion"). If a claim of vindictive prosecution is based on circumstantial evidence, it must pose a realistic likelihood of vindictiveness. *Wilson*, 262 F.3d at 314, *quoting Blackledge v. Perry*, 417 U.S. 21, 27 (1974).

Other than citing general case law about vindictive prosecution, Brown fails to allege how the government was vindictive. Nowhere in his petition, does Brown cite one fact which supports his argument from which the government can intelligently respond.  Although Brown makes a passing reference to his "prior plea agreements", he does not specify how they are related to a supposed vindictive prosecution.

The government will assume, for purposes of this response, that Brown is referring to his earlier cooperation with law enforcement back in 2010, which is previously summarized herein.

Case 5:13-cr-00030-MFU-RSB   Document 454   Filed 04/18/16   Page 18 of 31   Pageid#: 4544

At the conclusion of the investigation, the evidence ultimately showed that Brown was heavily involved in the conspiracy to distribute cocaine and methamphetamine. At no time, was Brown promised or given any assurance that he would not be charged if he cooperated. To the contrary, Brown was advised that that he would be charged, but he was in a position to help himself and reduce his ultimate sentence. Brown elected not to do so. The choice was Brown's, and Brown's alone.

Although Brown was eventually charged with the others in the drug conspiracy #5:13-CR-00030-MFU, it should be noted he did in fact receive substantial consideration for his earlier cooperation. Probation calculated Brown's total sentencing guideline range for the offenses in both indictments to be 352-425 months. The Rule 11(c)(1)(C) plea agreement provided for an agreed upon sentence of 216 months, which was a significant departure below the applicable guideline range. As noted in the government's sentencing memorandum, the sole reason for this variance was due to Brown's previous cooperation. It is important to note that the government was not obligated to do this, especially in light of Brown's subsequent refusal to cooperate any more. Such consideration is hardly evidence of a vindictive nature.

Since Brown has failed to allege any facts or evidence even suggesting the government act in a vindictive manner, his claim must fail. If Brown is referring to his earlier cooperation, his claim must also fail as the government was well within its right to charge Brown in the conspiracy.

G. There Was Absolutely No Evidence to Argue that the Prosecutor Improperly Influenced the Grand Jury's Decision to Indict Brown.

Brown next argues that his counsel was ineffective in failing to argue the prosecutor improperly influenced the grand jury to indict Brown. *§ 2255 petition 37*-38. Other than citing some general case law, Brown's claim is wholly devoid of any facts. He does not specify how

the prosecutor improperly influenced the grand jury nor explain what "grave doubt" existed in the grand jury's decision to indict him. *Petition, p. 38*. As such, the government is unable to intelligently respond to this claim. Since Brown has not included any facts to support his claim, it must be denied.

H.  The Record Clearly Shows that Brown was Fully Informed of the Charges
    Against Him and that His Guilty Plea was Knowing and Voluntary.

Brown next claims that his counsel failed to inform him of the true nature of the charges, erroneously advised him to plead guilty, and that the plea agreement was not knowingly and voluntarily entered into. *§ 2255 petition 39-42*. Unfortunately for Brown, the facts belie these claims.

On May 30, 2014, counsel sent a detailed letter to Brown in which he described the nature of the charges against him, the penalties he faced and the terms of the proposed plea agreement to both cases 5:13-CR-00017-MFU and 5:13-CR-00030-MFU. *Pageid#1298-99; See also, letter from counsel to Brown dated February 3, 2015, Pageid#1215-16.* On the day of his guilty plea, Brown acknowledged to the Court that he had reviewed the charges in both indictments with his counsel and that he understood the charges. *Pageid#945-46*. In addition, the Court went through every charge Brown was pleading guilty to, the penalties and what the government would have to prove to convict him. *Pageid#956-58.* Counsel (in Brown's presence) then advised the Court of his discussions with Brown. *Pageid#946*:

> "*Your honor, our initial contact included e-mails in regards to possible motions on the case, specifically the case involving the firearm under 5:13cr17, Your Honor. We looked into the traffic stop, whether or not there was an issue with the legality of it. Furthermore, Your Honor, we looked into the charge of conspiracy specifically in regards to CR30, Your Honor, the drug weight, how that affected Mr. Brown, and also a possible motion to suppress the statement that was given by him in regard to that case.*"

*Pageid#946-47.* The Court asked if counsel had discussed possible defenses with Brown and about the alternative of pleading guilty and going to trial. Counsel responded:

Case 5:13-cr-00030-MFU-RSB   Document 454   Filed 04/18/16   Page 20 of 31   Pageid#: 4546

> "*We did, Your Honor. We had several meetings about the possibility of going to trial. We prepared actually a case memorandum for Mr. Brown which included the different    options and possible outcomes, the defenses that could be raised at trial, the likelihood of success at trial and also the factors that may affect his sentencing if we were to be unsuccessful at trial.*"

*Pageid#947.*   In response to the Court's question as to whether he believed Brown fully understood the charges and evidence against him, counsel replied: "*I do*". *Id.*   Brown then advised the Court that he had discussed with counsel the pros and cons of the plea agreement, had the opportunity to ask counsel questions about the plea agreement, and believed it was in his best interest to plead guilty.  *Pageid#948-49.*   The prosecutor then summarized, in detail, the terms on the plea agreement. *Pageid#950-54.*  After he was finished, Brown advised the Court that the prosecutor's summary of the terms was consistent with his understanding of the plea agreement. *Pageid#954-55.* Finally, when asked by the Court whether he had any dissatisfaction with counsel, Brown responded: "*Not at all*" and that he was "*definitely*" satisfied with counsel's advice and representation. *Pageid#965.*

As can be seen from the above, Brown was clearly advised of the true nature of the charges against him. In addition, it is equally clear that Brown's guilty plea was made knowingly and voluntarily. Brown not only said he was satisfied with his counsel's performance, he said he was "*definitely*" satisfied!   It is disingenuous for Brown to now claim his counsel was ineffective. In evaluating a post-guilty plea claim of ineffective assistance of counsel, statements previously made under oath affirming satisfaction with counsel are binding on the defendant absent "clear and convincing evidence to the contrary". *Fields v. Attorney Gen. of Md*, 956 F.2d 1290, 1299, *citing Blackledge v. Allison*, 431 U.S. 63, 74-75 (1977). *See also*, *United States v. Lemaster*, 403 F.3d 216, 220-23 (4th Cir. 2005)(affirming summary dismissal of § 2255 motion, including ineffective assistance of counsel claim, noting inconsistent statements made during

Rule 11 hearing). Since Brown's statements under oath are inconsistent with his present allegations, his claim is without merit and should be denied.

I. Brown's Waiver of his Right to Appeal and Collaterally Attack his Judgment and Sentence pursuant to 28 U.S.C. § 2255 was Knowing and Voluntary.

Brown next claims counsel was ineffective for advising Brown to waive his appellate and 2255 rights under the plea agreement. *§ 2255 petition 43-47*. Specifically, Brown alleges he did not understand the waivers when he entered his plea. As before, the facts belie this claim.

First, Brown initialed each page and signed the plea agreement, indicating that he understood its terms, including the waiver of his appellate and 2255 rights. Second, the prosecutor specifically mentioned the waiver of the appellate and 2255 rights when summarizing the terms of the plea agreement, and Brown never objected or asked for clarification. Rather, Brown advised the Court that it was consistent with his understanding of the terms of the plea agreement. *Pageid#954.* The Court gave Brown another opportunity to state that he did not understand the waivers, when it asked Brown if there was any question he wanted to ask the Court? *Pageid#955.* Brown replied that he had no questions. *Id.* Third, in addition to the previous acknowledgements by Brown that he understood all the terms of the plea agreement, he specifically stated under oath during the Rule 11 plea colloquy, that he understood the waivers. In this regard, the Court advised Brown that he would have no right to appeal his conviction under the plea agreement. Brown stated that he understood that. *Pageid#964.* Similarly, the Court advised Brown that he was giving up his right to collaterally attack the judgment (except for claims of ineffective assistance of counsel) and then went on to explain what that meant. Id. Brown again stated that he understood. *Id.*

Based on the above, Brown is hard pressed to now claim that he did not understand the waivers of his appellate and 2255 rights under the plea agreement. His statements under oath

belie that claim. *See, United States v. Lemaster*, 403 F.3d at 220-23 (4th Cir. 2005)(affirming summary dismissal of § 2255 motion, including ineffective assistance of counsel claim, noting inconsistent statements made during Rule 11 hearing). As such, Brown's claim must be dismissed.

J. Counsel was Not Ineffective in Failing to File Meritless Objections
   To the Pre-Sentence Report.

Brown next contends that his counsel was ineffective in failing to file specific objections to the Pre-Sentence Report (PSR). *§ 2255 petition 49*-57. As noted below, each of Brown's "objections" are meritless.

1. Objection 1

Brown first claims his counsel should have objected to the PSR on the grounds that his Fifth Amendment rights were violated when the prosecutor introduced his self- incriminating statements during his plea colloquy. First, as previously discussed herein (See Argument C), Brown's incriminating statements were not in violation of the Fifth Amendment. Thus, the reliance by the government on the statements was not objectionable. Second, when the Court asked Brown during his guilty plea whether he disagreed with the government's summary of the facts supporting his guilty plea to the drug conspiracy, Brown stated he did not. *Pageid#970-71*.

Finally, any objection to the introduction of Brown's statements should have been made in a pre-trial motion, not in an objection to the PSR. Such an objection to the PSR would have had no significance.

2. Objection 2

Brown next claims that his counsel should have objected to PSR on the grounds that the prosecutor breached the first plea agreement. As previously noted herein (See Argument E), there was no breach of the original plea agreement. Both parties moved to withdraw the original

plea agreement after Brown had been indicted in a second, unrelated indictment. Contrary to Brown's belief, enforcement of the original pea agreement would not have barred prosecution of the second indictment. Brown's counsel did an exceptional job negotiating the subsequent plea agreement to both indictments, which resulted in very favorable terms to Brown. Finally, as noted in Objection 1, any objection that the prosecutor breached the first plea agreement should have been made in a pre-trial motion, not in an objection to the PSR. Such an objection to the PSR would have had no significance.

3. <u>Objection 3</u>

Brown next claims that his counsel should have objected to the PSR because his prosecution in case 5:13-CR-00030-MFU violated Double Jeopardy. As previously discussed herein (See Argument D), Brown's Double Jeopardy argument is meritless. Thus, any objection to the PSR on Double Jeopardy grounds would be in vain. Finally, any objection alleging a violation of Double Jeopardy, should have been made in a pre-trial motion, not in an objection to the PSR.

4. <u>Objection 4</u>

Brown next claims his counsel should have objected to the PSR by arguing Amendment 709 on the grounds it improperly counted multiple prior sentences. It is unclear what Brown is arguing and thus the government cannot intelligently respond to this Objection. However, any objection to the PSR based on the calculation of Brown's criminal history would have been moot since Brown was sentenced to 216 months pursuant to a Rule 11 (c)(1)(C ) plea agreement. In other words, Brown's criminal history score had no bearing on his ultimate sentence.

5. <u>Objection 5</u>

Brown next claims his counsel should have objected to the PSR by arguing that Brown was eligible for a reduction in his offense level pursuant to the 782 Amendment to the

Sentencing Guidelines. Brown's argument fails for at least two reasons. Foremost, this Amendment was not in effect until November 1, 2014. Thus, counsel can hardly be blamed for not arguing the applicability of an Amendment that did not exist at the time. Secondly, even if the 782 Amendment was in effect at the time Brown pled guilty, Brown was sentenced to 216 months pursuant to a Rule 11 (c)(1)(C ) plea agreement. The 782 Amendment would have had no bearing on his sentence.

### 6. Objection 6

Brown next claims his counsel should have objected to the PSR on the grounds he was not a Career Offender. Brown's criminal history was composed of only two prior felony drug convictions. However, based on these two convictions, probation determined Brown qualified as a Career Offender. What Brown ignores is that his counsel did argue that the PSR incorrectly determined these two felony convictions qualified Brown as a Career Offender. *Pageid#3142-43.* It was not until the government provided counsel a case on point, that the objection was withdrawn. *Pageid#903-04.* Even assuming counsel did not object to how Brown's criminal points were calculated, it was a moot point since Brown was sentenced to 216 months pursuant to a Rule 11 (c)(1)(C ) plea agreement.  In other words, Brown's criminal history score had no bearing on his ultimate sentence.

### 7. Objection 7

Brown next claims his counsel should have objected to the PSR arguing that he should not have received 2 criminal history points for having committed the instant offense while under a criminal justice sentence, pursuant to USSG §4A1.1(d). Brown offers no evidence as to why this enhancement is not applicable to him. The reason is plain: the enhancement is clearly applicable to Brown. The drug conspiracy charge to which Brown pled guilty began around January 1, 2001. On June 8, 1999, Brown was placed on four years of supervised probation as a

result of his previous felony drug convictions. *Pageid#1231-33.*Consequently, Brown was on active supervised probation while he participated in the drug conspiracy. USSG §4A1.1(d) provides that 2 criminal history points are added:

> *if a defendant commits the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.*

Clearly, the 2 point enhancement was applicable to Brown. Even if it were not, it is a moot point since Brown was sentenced to 216 months pursuant to a Rule 11(c)(1)(C ) plea agreement. This 2 point enhancement had no bearing on his ultimate sentence.

### 8. Objection 8

Brown next contends his counsel should have objected to the PSR on the grounds that the prosecution failed to prove beyond a reasonable doubt every element of the offense and the facts necessary to establish mandatory minimum penalties. This argument is without merit.

The government filed with the Court written Statement of Facts as to the charges to which Brown plead guilty. *Pageid#498-99; 1831-32.* These facts supported every element of each offense. The Statement of Facts also supported the 5 year mandatory minimum sentence for the §924 (c) charge and the 10 year mandatory minimum sentence for the conspiracy charge, by stating Brown was personally responsible for distributing 25-30 pounds of methamphetamine and between 2.8 and 8.4 kilograms of crack cocaine. This was well over the 50 grams of cocaine base and 500 grams of methamphetamine necessary at the time to trigger the 10 year mandatory minimum penalty. Brown signed each Statement of Facts. During the plea colloquy, the government stated on the record all the facts supporting the charges as well as the mandatory minimum penalties. *Pageid#967-71.* When asked if he had any disagreement with the facts the government had just stated, Brown responded: "*No, I don't.*" *Pageid#971.* When asked if it was foreseeable to him that the amount of methamphetamine was more than 500 grams, Brown

responded: "*Yes, sir*". *Id*. Thus, it is clear from the record and Brown's own statements, that the government proved every element of the offense and the facts necessary to establish mandatory minimum penalties beyond a reasonable doubt.

Brown also raises a number of due process claims that he had previously raised in his petition. The government would incorporate its earlier responses to these claims, as set forth herein.

### 9.  Objection 9

Finally, Brown raises one additional objection to the PSR in his Motion to Amend. *Motion to Amend, pp. 23-27*.  However, it is unclear from the petition what Brown is exactly claiming, so the government is unable to intelligently respond to his claim.  It appears that Brown is arguing that he should have received credit for substantial assistance, which would have permitted the Court to sentence him below the mandatory minimums.  If this is his claim, it is without merit.  The government never filed a substantial assistance motion in Brown's case. Rather, Brown pled guilty to a specified sentence of 216 months in an 11(c)(1)(C) plea agreement. However, that sentence specifically took into account Brown's earlier cooperation. *See comments from prosecutor during sentencing hearing, Pageid#911-14*. As a result, Brown received a sentence of 216 months, as opposed to a sentence within the total guideline range of 352 to 425 months. Thus, Brown did in fact receive credit for his earlier cooperation. Any objection by counsel that Brown did not, would have made absolutely no sense and been inconsistent with the facts of the case. Consequently, counsel was not ineffective in failing to raise an absurd objection.

### K.  The Record is Unclear Whether Brown Requested Counsel File a Timely Appeal.

Brown next argues that counsel failed to file a notice of appeal after having been requested to do so. *§ 2255 petition 58-59*. As noted herein, Brown expressly waived his right to

Case 5:13-cr-00030-MFU-RSB   Document 454   Filed 04/18/16   Page 27 of 31   Pageid#: 4553

appeal in the plea agreement. During the Rule 11 plea colloquy, Brown advised the Court that he understood he was giving up his right to appeal under the terms of the plea agreement. *Pageid#964-65*. However, despite the appeal waiver, counsel must still file a timely notice of appeal if a defendant unequivocally instructs him to do so. *United States v. Poindexter*, 492 F.3d 263, 265 (4th Cir. 2007)( An attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a timely notice of appeal even though the defendant may have waived his right to challenge his conviction and sentence in the plea agreement). *See also, United States v. Peak*, 992 F.2d 39, 41 (4th Cir.1993). This is true, even if an appeal is meritless or frivolous. *Frazer v. South Carolina*, 430 F.3d 696, 703-05 (4th Cir. 2005); *United States v. Peak*, 992 F.2d 39, 41 (4th Cir.1993). *See also, Jones v. Barnes*, 463 U.S. 745, 751 (1983)(fundamental decision of whether to appeal rests with the defendant, not counsel). Even if the defendant fails to clearly instruct counsel to note an appeal, counsel must still consult with the defendant about an appeal under certain circumstances. *Roe v. Flores–Ortega*, 528 U.S. 470 (2000). Specifically, counsel is required to consult with a defendant "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id. at 480*. Consulting involves "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id. at 478*. In addition to showing counsel's performance in failing to consult was deficient, a prisoner must also establish he was prejudiced by this failure. *Id. at 484*. To demonstrate prejudice, the prisoner must show "a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id*.

Brown claims he requested counsel file a notice of appeal sometime after the November 4, 2014 sentencing hearing. However, Brown does not specify when he made this request. He affirms in a sworn affidavit that he made his request by letter to his counsel. *Pageid#1212*. Curiously, Brown does not include the actual letter as an exhibit to his petition. Rather, as evidence of his request, Browns refers to two letters from his attorney. *Pageid#1215-18*. However, these two letters from counsel do <u>not</u> discuss any previous request Brown made to file a notice of appeal. In the first letter, dated February 3, 2015, the only reference to an appeal is counsel's statement: "As we previously discussed, I don't believe that there are any appealable issues." *Pageid#1216*. There is no acknowledgment of any kind referencing a previous request by Brown to file a notice of appeal. The second letter, dated June 10, 2015 makes no reference to an appeal at all. *Pageid#1218*.

Since there is a question of whether Brown requested his counsel file a notice of appeal on his behalf, and if so, when, the government believes an evidentiary hearing on this issue is required. *United States v. Weatherspoon*, 231 F.3d 923, 925-27 (4th Cir. 2000) (Reversible error to dismiss petition without evidentiary hearing unless record conclusively precludes relief).

## II. BROWN FAILS TO STATE WHAT FAVORABLE EVIDENCE THE GOVERNMENT FAILED TO DISCLOSE WHICH CAUSED HIM PREJUDICE.

The final argument addressed in Brown's § 2255 petition is his contention that the prosecutor withheld favorable evidence to the defense. *§ 2255 petition, p. 48*. The only allegation Brown makes in his one page argument on this subject, is that "the Prosecutor suppressed exculpatory and impeaching evidence causing prejudice" and that "there lies a reasonable probability that disclosure of the evidence would have changed the outcome of the proceeding." Nowhere does Brown allege what favorable evidence the government withheld. As such, the

Case 5:13-cr-00030-MFU-RSB   Document 454   Filed 04/18/16   Page 29 of 31   Pageid#: 4555

government is unable to intelligently respond to this claim. Since Brown has cited no evidence, this claim must be denied.

## CONCLUSION

To prevail, Brown must satisfy the basic *Strickland* test for ineffective assistance of counsel. Specifically, Brown must show that his counsel performed at such a deficient level as to effectively deprive him of the assistance of counsel. He cannot do so. Counsel's performance was well within the wide range of reasonable professional assistance. As such, Brown is not entitled to relief under 28 U.S.C. § 2255 and his petition should be dismissed, subject to the evidentiary hearing on the issue of whether Brown instructed his counsel to file a notice of appeal.

Respectfully submitted,

JOHN P. FISHWICK, JR.
United States Attorney

Dated: April 18, 2016

s/ Craig "Jake" Jacobsen
Assistant United States Attorney
CA #138346
United States Attorney's Office
Post Office Box 1709
Roanoke, Virginia 24008-1709
TEL (540) 857-2250
FAX (540) 857-2179
craig.jacobsen@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on this 18th day of April, 2016, I caused to be filed the United States' Motion to Dismiss in Response to Petitioner's Motion for Relief Pursuant to Title 28, United States Code, Section 2255 with the Clerk of the Court using CM/ECF system, and mailed by United States Postal Service a copy of the document to the following non-CM/ECF participant:

> Charles Franklin Brown
> Fed. Reg. No. 17711-084
> FCI Loretto
> P.O. Box 1000
> Loretto, PA   15940-1000

> s/Craig "Jake" Jacobsen
> Assistant United States Attorney