CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 1 4 2016

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 5:13CR00030-5 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CHARLES FRANKLIN BROWN | ) | By: Michael F. Urbanski |
| Defendant. | ) | United States District Judge |

Charles Franklin Brown, a federal inmate proceeding pro se, has filed both a motion and amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Brown alleges numerous claims for relief, including an assertion that counsel provided ineffective assistance by failing to note an appeal when asked. By order entered June 23, 2016, the court found that it was unable to resolve the issue of whether counsel was ineffective for failing to file an appeal on the existing record and ordered an evidentiary hearing. Following that hearing, and after reviewing the record and briefs from Brown and the government, the court concludes that Brown has not stated any meritorious claim for relief under § 2255 and that the government's motion to dismiss must be granted.

## I.

On August 1, 2013, a federal grand jury charged Brown in a three-count indictment with: possessing marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) ("Count One"); possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) ("Count Two"); and possessing a firearm while a convicted felon, in violation of 18 U.S.C. § 922(g)(1) ("Count Three"). Indictment 1 at 3-4, 5:13-cr-17, ECF No. 3. These charges stemmed from a car chase between Brown and the Virginia State Police when the police attempted to stop Brown's vehicle, and resulted in the discovery of $7,630.00 in cash and 73.11 grams of marijuana in a backpack that Brown threw from the car

along with a handgun, and $761 and .53 grams of marijuana on his person. Statement of Facts at 1, 5:13cr17, ECF No. 41. On August 15, 2013, Brown was arraigned and appointed counsel. Brown was released on bond and a trial date was set for October 21, 2013. The government filed an information, pursuant to 21 U.S.C. § 851, seeking an enhanced sentence based on two prior Virginia felony drug convictions. Information 1 at 1, 5:13cr17, ECF No. 23. On October 1, 2013, defense counsel filed a motion to continue the jury trial and the court granted that motion setting the trial for December 16, 2013.

On December 3, 2013, Brown and the government entered into a plea agreement in which Brown agreed to plead guilty to Counts One and Two. A plea hearing was scheduled for January 22, 2014.

On December 5, 2013, a federal grand jury charged Brown and six codefendants in a separate indictment with conspiring to distribute and possess with the intent to distribute cocaine and 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. Indictment 2 at 1-2, 5:13cr30, ECF No. 3. On December 20, 2013, Brown was arraigned and released on bond. He was appointed counsel and a trial date was set for February 24, 2014. As a result of the new federal indictment, the court canceled the guilty plea hearing in the prior case (5:13-cr-00017).

Early in 2014, Brown retained counsel, who substituted as counsel of record in both cases. The government filed a § 851 information in the second case (5:13-cr-00030), seeking an enhanced sentence based on Brown's two prior felony drug convictions. Information 2 at 1, 5:13cr30, ECF No. 108. Defense counsel requested, and on January 6, 2014, the court granted a motion to continue the trial and set a new trial date for May 12, 2014. On April 22, 2014, the trial date again was continued on defense motion to July 21, 2014.

On July 1, 2014, Brown entered into a new plea agreement involving both cases pursuant to Rule 11(c)(1)(C), in which he pleaded guilty to Count Two of the first indictment, charging him with possessing a firearm in furtherance of drug trafficking activities, and Count One of the second indictment, charging him with participation in a drug trafficking conspiracy. Plea Agree. 2 at 1-2, 5:13cr30, ECF No. 234. The plea agreement provided for an agreed-upon sentence of 216 months. Pursuant to the plea agreement, the government agreed to dismiss the § 851 enhancement and the remaining counts. Brown agreed to waive the right to appeal and collaterally attack the judgment and sentence, except for claims of ineffective assistance of counsel.

On July 22, 2014, at the guilty plea hearing, both defense counsel and the government requested that the original plea agreement be withdrawn. Plea Hr'g Tr. 2-3, 5:13cr30, ECF No. 385. Defense counsel stated that he had reviewed possible defenses with Brown and discussed various options going forward including going to trial and pleading guilty. Id. at 11. Brown affirmed that he had received a copy of the second plea agreement, read it, reviewed every page with counsel and discussed the pros and cons. Id. at 12-13. Brown affirmed that he was "fully satisfied with the advise and representation [his attorney] ha[d] given [him] in this case." Id. at 29.

The government reviewed the essential terms of the plea agreement on the record, noting that it was a binding plea under Rule 11(c)(1)(C), requiring a 216 month sentence. Id. at 14-15. The government noted that for Count Two, possessing a firearm in furtherance of a drug trafficking crime, Brown faced a mandatory sentence of five years' imprisonment to be served consecutively to any other sentence imposed. Id. at 15. The government also explained that Brown faced a mandatory minimum of 20 years and maximum of life for the conspiracy count

with the § 851 enhancement. Id. at 16. Brown affirmed that he agreed with the terms of the plea agreement and wanted the court to accept it. Id. at 19. The court reviewed the elements of the charges against Brown, noting that for Count Two, the government would have to prove that he committed a drug trafficking crime and used or carried a firearm in furtherance thereof, and for Count One, that two or more people agreed to engage in drug-related crimes, that Brown knew of the conspiracy, knowingly and voluntarily participated in it, and that it was reasonably foreseeable to Brown that the conspiracy involved 500 grams or more of a mixture and substance containing methamphetamine. Id. at 20-21. Brown affirmed that he understood all of the elements that the government would have to prove. Id. at 21.

Brown affirmed his understanding that by pleading guilty, he gave up his right to appeal and to collaterally attack his sentence:

> You give up your right to appeal except for any matter which cannot be waived as a matter of law. Now I can tell you that this plea agreement of 216 months is within the Court's power to impose because the Court can impose a sentence in this case of up to life in prison. So if I decided to accept the plea agreement and impose a sentence of 216 months, you would have no right to appeal that under this waiver of your right to appeal set forth in the plea agreement.

Id. at 27-28. Brown affirmed that no one had made any promises to him other than those contained in the Plea Agreement to cause him to plead guilty and that no one had coerced him to plead guilty. Id. at 19. The court found that Brown was fully competent and capable of entering an informed plea and that he was aware of the nature of the charges against him and the consequences of his plea. Id. at 37-38. The court took the matter under advisement pending preparation of a Presentence Investigation Report ("PSR") in anticipation of sentencing. Id. at 38.

Counsel filed a sentencing memorandum requesting that the court accept Brown's plea and sentence him to 216 months. Sent. Mem. at 14, 5:13cr30, ECF No. 327. Counsel noted,

4

however, that Brown objected to his criminal history score which Brown calculated to be a category II, with an offense level of 35 resulting in an advisory guideline range of 188 to 235 months for the distribution offense. Id. at 2. Counsel argued that Brown should not be classified as a career offender because his two prior drug convictions were part of the same conduct and conspiracy for which he was being sentenced in federal court. Id. at 11-12. The government responded in a sentencing memorandum arguing that Brown's categorization as a career offender was appropriate because his two prior drug convictions occurred in 1998, before the drug conspiracy began, which lasted from 2001 to 2013. Gov't Sent. Mem. at 10-11, 5:13cr30, ECF No. 328.

The PSR recommended a base offense level of 38 because it concluded that the conspiracy involving more than 15 kilograms of methamphetamine, pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2D1.1 (2013). PSR ¶ 27, ECF No. 332. The PSR also recommended that Brown be classified as a career offender, which carries a base offense level of 37, but because the base offense level for his offense conduct was greater, the career offender base offense level did not apply. U.S.S.G. § 4B1.1. Brown received a three-point reduction for acceptance of responsibility, for a total offense level of 35, with a criminal history category of VI, which resulted in a guideline imprisonment range of 292 to 365 months with an additional 60-month consecutive sentence as a result of the weapons conviction. Id. ¶¶ 65, 66, 67. Neither the government nor defense counsel filed any objections.

A sentencing hearing was held on November 5, 2014. At the hearing, defense counsel withdrew the objection raised in his sentencing memorandum regarding Brown's career offender status and criminal history score. Sent. Hr'g Tr. at 4, 5:13cr30, ECF No. 384. Brown stated to the court that he wanted the court to accept the plea agreement and sentence him to 216 months.

Id. at 24.  The court accepted the plea and sentenced Brown to 156 months on Count One of 5:13cr30 and 60 months on Count Two of 5:13cr17, to run consecutively, for a total of 216 months.  Id. at 26.  Brown did not appeal.

On August 4, 2016, the court held an evidentiary hearing regarding Brown's claim in his § 2255 motion that counsel failed to note an appeal on his behalf.  At the hearing, Brown testified that he talked to counsel directly after his sentencing hearing and asked counsel to appeal.  According to Brown, counsel responded that Brown had waived his right to appeal. Brown sent a number of letters to his counsel following sentencing, but admitted at the evidentiary hearing that he never requested in writing that counsel note an appeal.  Brown testified that he had wanted counsel to appeal some issues that counsel did not address at sentencing, such as his career offender status, but also stated that he understood that he had waived the right to appeal by pleading guilty.

Brown's counsel also testified at the evidentiary hearing. Counsel stated that Brown never requested that he file an appeal at any time.  He testified that after sentencing, Brown did not mention an appeal, but thanked him for his representation and then Brown briefly talked to his father before being led out of the courtroom.  Counsel further testified that he had gone over the plea agreement in detail with Brown, that from his perspective Brown knew that he was giving up his right to appeal by pleading guilty and that he had no reason to believe that Brown would want to file an appeal because he did not believe that Brown had any meritorious grounds for an appeal.  In response to a letter from Brown which did not request that counsel file an appeal, counsel wrote, "As we previously discussed I don't believe that there are any appealable issues." § 2255 Mot. Ex. J at 3, 5:13cr30, ECF No. 397-11.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Brown bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965).

### A. INNEFECTIVE ASSISTANCE OF COUNSEL

Criminal defendants have a Sixth Amendment right to effective legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). The proper vehicle for a defendant to raise an ineffective assistance of counsel claim is by filing a § 2255 motion. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). However, ineffective assistance claims are not lightly granted; "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. Accordingly, in order to establish a viable claim of ineffective assistance of counsel, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and establishing prejudice due to counsel's alleged deficient performance. Id. at 687. When considering the reasonableness prong of Strickland, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Gray v. Branker, 529 F.3d 220, 228-29 (4th Cir. 2008). Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." Strickland, 466 U.S. at 689, 690.

To satisfy the prejudice prong of Stickland, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Brown's claims of ineffective assistance of counsel do not satisfy Strickland's stringent requirements.

### 1. Speedy Trial

Brown first claims that he received deficient representation because counsel failed to assert a violation of his speedy trial rights under 18 U.S.C. § 3161 and the Sixth Amendment. Brown was first indicted in case 5:13cr17 on August 1, 2013. He pleaded guilty to the second plea agreement on July 22, 2014. Accordingly, Brown argues that he faced a 356-day delay between his original indictment and ultimate plea. Amend. § 2255 Mot. at 7, 5:13cr30, ECF No. 440.

When a defendant pleads guilty to the charges against him, he waives the right to bring a speedy trial claim; "When a defendant pleads guilty, he waives all non-jurisdictional defects in proceedings conducted prior to the plea." United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010). The right to a speedy trial under the Speedy Trial Act is non-jurisdictional. United States v. Moreno-Serafin, 251 F. App'x 185 (4th Cir. 2007) (unpublished). Therefore, by knowingly and voluntarily pleading guilty, Brown waived his right to claim a speedy trial violation.

Even if he hadn't waived his right to bring such a claim, this argument fails. Under the Speedy Trial Act, a defendant facing felony charges must be brought to trial within seventy days of his indictment. 18 U.S.C. § 3161(c)(1). However, the statute provides for a number of exceptions which allow certain periods of delay to be "excluded" from the relevant speedy trial

clock. Id. § 3161(h). Some of these exceptions, such as consideration of plea agreements, are automatically excludable. Id. § 3161(h)(1)(G); Bloate v. United States, 558 U.S. 196, 204 (2010). "In addition to the enumerated automatic exclusions, a judge may exclude any period of delay resulting from a continuance if the judge finds 'the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" United States v. Robey, ---- F.3d ----, 2016 WL 4120682 (7th Cir. Aug. 3, 2016) (citing 18 U.S.C. § 3161(h)(7)(A)); see also United States v. Hopkins, 310 F.3d 145, 149 (4th Cir. 2002) (noting that the speedy trial time frame may be tolled for a variety of reasons, including "when defense counsel requests more time to prepare").

Brown cannot establish a speedy trial violation. On October 1, 2013, 61 days after being indicted, Brown's counsel filed a motion to continue to allow for additional time to prepare for trial. The court granted the motion, finding that the ends of justice served by granting the continuance outweighed the best interest of the public and the defendant in a speedy trial and set a new trial date of December 16, 2013. On December 3, 2013, before the proposed trial date, counsel filed the original plea agreement with the court. The court had this plea agreement under consideration until both the government and defense counsel jointly moved to withdraw it at the guilty plea hearing on July 22, 2014. See United States v. Dignam, 716 F.3d 915, 924 (5th Cir. 2013) (noting that when a plea agreement is submitted to the court any delay under the Speedy Trial Act is excluded pursuant to § 3161(h)(1)(G)). Because Brown cannot establish that he suffered a speedy trial violation, he cannot show that counsel provided ineffective assistance for failing to so argue. See Sharpe v. Bell, 593 F.3d 372, 383 (4th Cir. 2010) (noting that counsel does not provide deficient representation by failing to raise issues that have no basis in law); see also United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999) (noting that "[a]n attorney's

failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue").

### 2. Motion to Suppress Evidence

Next, Brown argues that counsel provided ineffective assistance by failing to file a motion to suppress evidence in violation of the Fourth Amendment. In his § 2255 motion, Brown does not specify the evidence that should have been suppressed or the reason that he believes suppression was warranted. However, in his reply he claims that federal agents "told the state police to pull [him] over without probable cause."

The Fourth Amendment permits brief investigative stops . . . when a law enforcement officer has 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.'" Navarette v. California, 134 S.Ct. 1683, 1687 (2014) (citing United States v. Cortez, 449 U.S. 411, 417-18 (1981). In this case, according to the police report of the traffic stop, an investigator with the Harrisonburg Police Department contacted another police investigator with information that Brown was a two-time convicted felon in possession of a firearm, large sum of cash and suspected marijuana and would be leaving a known location in a white Dodge Avenger. Gov't Sent. Mem. Ex.1, 5:13cr30, ECF No. 328-1. When police have detailed information that a suspect is likely involved in criminal activity such as that a convicted felon is in possession of a firearm and possible drugs, a traffic stop is justified. See, e.g., United States v. Perkins, 363 F.3d 317, 321 (4th Cir. 2004) (noting that determinations of "reasonable suspicion must give due weight to common sense judgments reached by officers in light of their experience and training").

Brown does not address the police report or provide any detailed explanation for his claim. "[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (internal quotation omitted). Because Brown's suppression argument lacks any factual support, counsel was not ineffective for failing to raise it. Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (noting that conclusory allegations of ineffective assistance of counsel, without factual support, are insufficient to raise a constitutional issue or require an evidentiary hearing) overruled on other grounds by Gray v. Netherland, 518 U.S. 152, 165-66 (1996).

### 3. Motion to Suppress Self-Incriminating Statements

Next, Brown argues that counsel provided ineffective assistance by failing to file a motion to suppress "self-incriminating statements" he made in 2010 to police. Amend. § 2255 Mot. at 11, 5:13cr30, ECF No. 440. He further asserts that the government should have granted him immunity for statements that he made to the police. § 2255 Mot. at 14, 5:13cr30, ECF No. 397-1. These arguments are unavailing.

The Fifth Amendment protects defendants against compelled self incrimination when they are in custody and being interrogated. Rhode v. Innis, 446 U.S. 291, 301-02 (1980). However, "[v]olunteered statements of any kind are not barred by the Fifth Amendment." Miranda v. Arizona, 384 U.S. 436, 478 (1966); United States v. Wright, 991, F2d 1182, 1186 (4th Cir. 1993). In 2010, while Brown was incarcerated for failing to pay child support, he contacted law enforcement and provided information regarding the drug conspiracy for which he would eventually be charged. § 2255 Mot. at 12, 5:13cr30, ECF No. 397-1. Brown does not suggest that his statements to law enforcement were anything but voluntary. Brown also

suggests that statements he made after his arrest that resulted in the first federal indictment against him, were the result of a Fifth Amendment violation as he did not have counsel present when he made the statements. However, the statement of facts filed with the court, which Brown signed, provided that the police had informed him of his <u>Miranda</u> rights before he was interrogated. Stat. of Facts at 1, 5:13cr17, ECF No. 41. Accordingly, Brown cannot establish that he suffered a Fifth Amendment violation. Because no constitutional error occurred, counsel was not remiss for failing to file a motion to suppress. <u>Nickerson</u>, 971 F.2d at 1136.

Brown also suggests that counsel erred by failing to argue that Brown should have received immunity for his statements to police. He presents no evidence that the government agreed to provide him with immunity. Bald assertions without support are insufficient to support a § 2255 motion. <u>Dyess</u>, 730 F.3d at 359. Therefore, Brown has not shown that counsel's performance fell below an objective standard of reasonableness. <u>Strickland</u>, 466 U.S. 688.

### 4. Double Jeopardy

Brown also alleges that counsel provided ineffective assistance by failing to challenge the government when it filed the second indictment against Brown because in doing so, the government violated the Double Jeopardy Clause of the Fifth Amendment. This claim is unavailing.

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb. . . ." U.S. Const. amend. V. This protection ensures that a defendant is neither tried nor punished more than once for the same crime. <u>Heath v. Alabama</u>, 474 U.S. 82, 89 (1985). In order to determine whether a defendant was subject to a successive prosecution, courts should consider whether "the evidence

actually used to prosecute the first offense would suffice to convict of the second offense as charged." United States v. Ragins, 840 F.2d 1184, 1188 (4th Cir. 1988).

In Brown's case, the evidence and the charges were completely different. In the first indictment he was charged with possession with intent to distribute marijuana, possession of a firearm in furtherance of drug trafficking and possession of a firearm by a convicted felon. These charges were based on evidence—a gun, money and drugs—found on Brown and in a backpack that he threw from a vehicle during an attempted traffic stop. The second indictment charged Brown with a methamphetamine drug conspiracy. This charge was based on police investigation of an extensive methamphetamine distribution ring. Because the time frames, crimes, participants and facts are different, the filing of two indictments against Brown did not violate the Double Jeopardy Clause. United States v. Jones, 162 F.3d 1157, *5 (4th Cir. 1998) (unpublished) (noting that when a defendant was charged with two crimes involving different activities, objectives, locations and participants and covered different lengths of time, the Double Jeopardy Clause was not violated).

Brown cannot establish a double jeopardy violation; accordingly, he has failed to show that his counsel's decision not to raise a double jeopardy defense constituted ineffective assistance. Strickland, 466 U.S. at 687.

### 5. Failure to Enforce First Plea Agreement

Next, Brown argues that counsel provided ineffective assistance by failing to argue that the government breached the first plea agreement in 5:13cr17 by filing a second indictment in 5:12cr30. However nothing in the first plea agreement limited the government from filing a second indictment covering different criminal conduct. See, e.g., United States v. Strawser, 739 F.2d 1226, 1231 n.5 (7th Cir. 1984) (noting that when the language of a first plea agreement does

13

not suggest "blanket immunity" and the defendant can provide no evidence "indicating an intent to cover offenses other than those charged in the first indictment," there is "no breach arising out of a second indictment" and second plea agreement).

Brown argues that only the first plea agreement should be binding on the parties because it states:

> This writing sets forth the entire understanding between the parties and constitutes the complete plea agreement between the United States Attorney for the Western District of Virginia and me, and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties.

Plea Agree. 1 at 14, 5:13cr17, ECF No. 27. This clause does not provide blanket immunity nor does it suggest that it covers anything other than the conduct covered in the indictment in case 5:13cr17. Moreover the plea agreement specifically states "I understand this agreement does not apply to any crimes or charges not addressed in this agreement." Plea Agree. 1 at 13, 5:13cr17, ECF No. 27. Because Brown cannot establish that the government breached the first plea agreement, his counsel did not provide ineffective assistance for failing to file a motion to enforce its terms. Nickerson, 971 F.2d at 1136.

### 6. Vindictive Prosecution

Next, Brown argues that his counsel erred by failing to argue that the government vindictively prosecuted him because he "exercised [his] right against self-incriminating statement[s] and his constitutional right to a plea agreement with the prosecution in the first case, 5:13cr17, which exist[ed] at the time the second indictment came about in case 5:13cr30." Amend. § 2255 Mot. at 20, 5:13cr30, ECF No. 440. However, there is no evidence of a vindictive prosecution.

The government may not punish or retaliate against a defendant for exercising a clearly established right. United States v. Wilson, 262 F.3d 305, 314 (4th Cir. 2001). In order "[t]o

establish prosecutorial vindictiveness, a defendant must show, through objective evidence, that (1) the prosecutor acted with genuine animus toward the defendant and (2) the defendant would not have been prosecuted but for that animus." Id. Brown suggests that the government vindictively prosecuted him by filing the second indictment. However, Brown can point to no "objective evidence" that the prosecutor acted with genuine animus. See generally, United States v. Williams, 47 F.3d 658, 662 (4th Cir. 1995) (noting that a defendant cannot prove vindictive prosecution when a prosecutor brings additional or more severe charges against a defendant when the defendant is subject to additional prosecution). Brown also asserts that the prosecutor "misstate[ed] evidence and misle[d] the court" as to his guilt. Amend. § 2255 Mot. at 20, 5:13cr30, ECF No. 440. Brown does not provide any details about the alleged misstatements. Vague and conclusory allegations are not sufficient to support a § 2255 motion. Dyess, 730 F.3d at 359.

Brown has presented no evidence to suggest that the second indictment was the result of anything other than additional criminal activity coming to light. Accordingly, counsel acted reasonably when he did not file a motion arguing that the government vindictively prosecuted Brown. Nickerson, 971 F.2d at 1136; Strickland, 466 U.S. 687.

### 7. Grand Jury Proceeding

Brown next argues that his counsel erred by failing to argue that the prosecutor impermissibly influenced the grand jury decision to indict him. He provides no factual support for this claim. A prosecutor is required to present to the grand jury only the evidence in support of the criminal charges. United States v. Williams, 504 U.S. 36, 51 (1992). Brown presents no evidence that the prosecutor in this case did anything other than present his "side" or the inculpatory evidence against Brown. Id. Therefore, Brown has not shown that counsel's

conduct was deficient for failing to challenge the grand jury proceeding. <u>Strickland</u>, 466 U.S. at 687.

### 8. Explain Nature of Charges

Brown also argued that counsel provided ineffective assistance by failing to inform "him of the true nature of the charges against him." Amend. § 2255 Mot. at 16, 5:13cr30, ECF No. 440. He further argues that counsel erred by failing to explain that the government had to prove the charges against him beyond a reasonable doubt and that he had the Fifth Amendment right not to incriminate himself.

This claim is directly contracted by the plea colloquy, in which Brown stated that he was satisfied with his representation, that he understood the charges against him in both indictments, and that he understood the maximum sentences he faced. Plea Hr'g Tr. 12-13, 29, 5:13cr30, ECF No. 385. The court also explained what the government would have to prove in order for Brown to be found guilty at trial and Brown affirmed his understanding. <u>Id.</u> at 21. The court further reviewed with Brown that he was giving up the right to a jury trial by pleading guilty, and at trial the government would have to prove "its case against you beyond a reasonable doubt" and that he would have the "right to remain silent." Plea Hr'g Tr. 26-27, 5:13cr30, ECF No. 385. Brown stated that he understood. <u>Id.</u> at 27. A defendant's allegations that contradict statements he made during a plea colloquy cannot support a finding of error. <u>See United States v. Lemaster</u>, 403 F.3d 216, 221 (4th Cir. 2005) (holding that absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false"). Accordingly, this claim lacks merit and does not support a finding of ineffective assistance of counsel. <u>Strickland</u>, 466 U.S. at 687.

### 9. Waiver of Right to Bring § 2255 Motion

Next, Brown argues that he did not understand that he was giving up his right to collaterally attack his conviction and sentence by pleading guilty. § 2255 Mot. at 44, 5:3cr30, ECF No. 397-1. He claims, therefore, that counsel provided ineffective assistance by advising him to sign the plea agreement. This argument lacks merit for many reasons.

"A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." Lemaster, 403 F.3d at 220. Here, Brown cannot establish anything other than that his wavier was knowingly and voluntarily made. He signed and initialed every page of his plea agreement, which stipulated that he waive his right to collateral attack his sentence. At his plea colloquy, the court reviewed with Brown that he was giving up his right to collaterally attack his sentence, and explained that he would be giving up the right to ask the court "to release you from prison based on some problem with the proceeding." Plea Hr'g Tr. at 28, 5:13cr30, ECF No. 385. Brown stated that he understood. Id. Because Brown's claim directly contradicts his sworn statements at his plea colloquy, they are unavailing. Lemaster, 403 F.3d at 221.

### 10. Objections to PSR

Brown also argues that counsel's representation was deficient because he failed to file numerous specific objections to the PSR. Brown first claims that counsel should have objected to (1) self-incriminating statements used in violation of his Fifth Amendment rights; (2) his plea agreement, because the government breached it; and (3) the double jeopardy violation resulting from his second indictment. § 2255 Mot. at 49-51, Obj. 1-3, 5:13cr30, ECF No. 397-1. As explained previously, these arguments lack merit so counsel was not remiss in objecting to the PSR on those grounds. Sharpe, 593 F.3d at 383.

In addition, Brown makes various assertions that counsel should have challenged the calculation of his advisory guidelines range in the PSR. § 2255 Mot. at 51-54, Obj. 4-7, 5:13cr30, ECF No. 397-1. Specifically, he argues that counsel should have objected (1) to his criminal history score[1]; (2) to his designation as a career offender[2]; (3) to the two criminal history points he received for having committed the instant offense while under a criminal justice sentence[3]; and (4) to his base offense level because he was entitled to a reduction following the 782 Amendment to the sentencing guidelines[4].

---

[1] Brown's argument that counsel should have objected to his criminal history score is unavailing on the merits. He never points to a specific error in the calculation and after review of his convictions, the court has found none. Dyess, 730 F.3d at 359 (counsel does not provide ineffective assistance by failing to raise a generalized claim of error).

[2] Brown's argument that counsel should have objected to his status as a career offender is without merit. He suggests that he did not qualify as a career offender under the guidelines because he does not have two qualifying predicate offenses. Counsel made this same argument in his sentencing memorandum, but then withdrew his objection because he concluded that the designation applied. Sent. Hr'g Tr. at 4, 5:13cr30, ECF 384.
    In order to qualify as a career offender, Brown must have had at least two prior convictions for a controlled substance offense. The guideline defines a "controlled substance offense" as an offense involving a controlled substance that is punishable by more than a year in prison. USSG § 4B1.2(b). Brown has two prior convictions for drug offenses that were punishable by more than a year: two 1998 convictions for possession and distribution of cocaine, in violation of Virginia Code § 18.2-248. PSR ¶ 39, 40, 5:13cr30, ECF No 332. The statutory sentence for such a conviction is not less than five nor more than forty years. Va. Code § 18.2-248(c). Brown was sentenced to five years' incarceration with four years suspended and an additional year suspended pending successful completion of the Detention Center Program; both counts to be served concurrently. Accordingly, the PSR properly categorized Brown as a career offender. Nonetheless, because Brown's conduct-related base offense level was higher than his career offender base offense level, the career offender designation did not affect his guideline range. U.S.S.G. § 4B1.1(b).

[3] Brown correctly received a two-point enhancement for committing the instant offense while under a criminal justice sentence, pursuant to U.S.S.G. § 4A1.1(d). In June 1999, he was placed on four years of probation for his state felony drug convictions. PSR ¶ 39, 40, 5:13cr30, ECF No 332. The federal methamphetamine conspiracy started in 2001, while he was still on probation. Accordingly, the two-point increase was warranted. See United States v. Robinson, 744 F.3d 293, 301 (4th Cir. 1994) ("Under the plain language of [§ 4A1.1(d)], an enhancement must be imposed if any part of the defendant's crime coincides with a term of probation.").

[4] Brown asserts that he was entitled to a reduction in his base offense level for the amount of drugs for which he was found responsible, based on the 782 Amendment to the Sentencing Guidelines. The PSR concluded that Brown was responsible for at least 15 kilograms of methamphetamine and relying on the 2013 Guidelines Manual, assigned him a base offense level of 38. However, the 782 Amendment which went into effect on November 1, 2014, five days before Brown was sentenced, lowered the applicable base offense level to 36. However, even if Brown should have received a two-point reduction following the 782 Amendment, he cannot show that he suffered any prejudice from the error because his sentence was not based on his guideline range.

None of Brown's guideline calculation arguments have merit, however, because Brown entered into the second plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Civil Procedure, which provided for an agreed-upon sentence of 216 months' incarceration. Rule 11(c)(1)(C) permits the parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case, . . . [a request which] binds the court once the court accepts the plea agreement." A Rule 11(c)(1)(C) plea agreement is not based on the advisory guideline range in a defendant's case, unless the plea specifically sets forth the guideline range or the guideline range is otherwise evident. See Freeman v. United States, 564 U.S. 522, 534, 539 (2011) (Sotomayor, J. concurring) (noting, in concurrence, that a Rule 11(c)(1)(C) plea agreement is sometimes based on sentencing guidelines, but only when the agreement itself "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment" or the sentencing range is otherwise "evident from the agreement itself"); see also United States v. Brown, 653 F.3d 337, 340 (4th Cir. 2011) (concluding that Justice Sotomayor's concurring opinion, which is narrower than the plurality, controls). In Brown's case the plea agreement did not specify or rely on the advisory guideline range. Because he agreed to the sentence imposed — a sentence that was not contingent on his advisory guideline range — Brown cannot show that he was prejudiced by any error that may have occurred in calculating his advisory guideline range. Strickland, 466 U.S. at 694.

Brown also argues that counsel should have objected to the PSR because the government failed to "prove beyond a reasonable doubt every element" of the crimes for which he was charged. § 2255 Mot. at 54-57, Obj. 8, 5:13cr30, ECF No. 397-1. Brown does not explain specifically where the government's evidence is lacking. Moreover, he signed two statements of facts, filed with the court, admitting to his involvement in the indicted activity and supporting

every element of both counts. His plea agreement also stipulated that there was "a sufficient basis to support each and every material factual allegation contained within the charging documents to which [he was] pleading guilty." Plea Agree. 2 at 13, 5:13cr30, ECF No. 234. Had counsel challenged the government's evidence at sentencing, it could have been construed as a violation of the plea agreement. Accordingly, counsel acted reasonably by not challenging the government's evidence regarding the elements of the offenses.

Finally Brown claims that counsel should have argued that he was entitled to substantial assistance. Rule 35 allows the government to move for a sentence reduction when a defendant has provided substantial assistance in the investigation or prosecution of another person. Fed. R. Crim. P. 35(b). The government did not file a Rule 35 motion in this case, and it was not compelled to do so. United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001) (noting that the government has the power, but not the duty, to file a motion for a sentence reduction when a defendant substantially assists it). Nonetheless, the prosecutor noted at sentencing that the government had taken into consideration Brown's assistance when agreeing to the 216 month sentence in his Rule 11(c)(1)(C) plea. Sent. Hr'g Tr. at 13-14, 5:13cr30, ECF No. 384.

None of the claimed reasons for objecting the PSR has merit. Accordingly, Brown cannot show that counsel provided ineffective assistance for failing to raise them. Strickland, 466 U.S. at 687.

### 11. Claim for Failure to Note an Appeal

Brown's final ineffective assistance claim is that counsel failed to notice an appeal after being directed to do so. It is well established that "a lawyer who disregards specific instructions from a defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). "[A]n attorney renders constitutionally

ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a notice of appeal . . . ." United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007).

The court finds Brown's statement that he asked his counsel to file an appeal not to be credible. In his affidavit accompanying his §2255 motion, Brown stated that in addition to requesting counsel to appeal after his sentencing hearing, he also sent a letter to counsel asking him to note an appeal. But after questioning at the evidentiary hearing, Brown admitted that he never sent such a letter to counsel. Counsel's rendition of events, that after sentencing Brown never requested an appeal but thanked counsel for his representation and exchanged a few brief words with his father, is more credible.

Even if a defendant fails to clearly instruct counsel to note an appeal, however, counsel must still consult with a defendant about appellate rights when either (1) any rational defendant would want to appeal (for example, where there is a non-frivolous ground for appeal), or (2) this particular defendant reasonably demonstrated to counsel that he was interested in appealing. Flores-Ortega, 528 U.S. 470, 480 (2000). Consulting entails "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Id.

In this case, there was no need for counsel to consult with Brown. Brown did not clearly express to counsel an interest in appealing. Moreover, a rational defendant would not have wanted to appeal, as there does not appear to have been any meritorious grounds for an appeal. By pleading guilty, Brown waived his right to appeal. Accordingly, noting an appeal would have been a breach of the plea agreement, and the government could have sought a number of remedies including declaring the plea agreement void and filing new charges. Plea Agree. 2 at 9, 11, 5:13cr30, ECF No. 234. Moreover, Brown was sentenced to an agreed-upon term of 216

months' incarceration. Although Brown testified at the evidentiary hearing that he was unhappy with his sentence, he was, in fact, sentenced to the prison term to which he agreed, which was a much shorter sentence than he would have faced had he gone to trial and been convicted. Therefore, he received the benefit of the plea agreement for which he bargained with the government. See United States v. Cooper, 617 F.3d 307, 314 (4th Cir. 2010) (concluding that where a defendant receives the sentence bargained for with the government, there are no nonfrivolous grounds for appeal, and the defendant has not expressed an interest in appealing, counsel was not under an obligation to discuss with the defendant a right to appeal). Accordingly, Brown has not established that counsel provided ineffective assistance either for failing to note an appeal or for failing to consult with him about his appellate rights. Flores-Ortega, 528 U.S. at 479.

### B. Failure to Provide Favorable Evidence

Finally, Brown argues that the government failed to disclose exculpatory evidence in violation of his due process rights. He suggests that the government did not provide "self-incriminating" statements that he made to police. Reply to Mot. to Dis. At 37, 5:13cr30, ECF No. 462. He points to a police report that indicates that in 2013 following his arrest on gun and drug charges that led to the indictment in 5:13cr17, Brown contacted a state police officer requesting a meeting in order to discuss cooperation. Id. at 2, Ex. A. The police report indicates that Brown met with the police officer and an Assistant United States Attorney and talked about the pending federal drug conspiracy charge that Brown faced, and the possibility of Brown cooperating in the future. Id.

This argument must be dismissed because Brown waived his right to collaterally attack his sentence other than to bring claims for ineffective assistance of counsel. <u>Lemaster</u>, 403 F.3d at 220. However, even if this argument were not waived, it lacks merit.

The government must disclose requested exculpatory information to a defendant. <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963). The government must also provide a defendant with notes of any oral statements made to police while in custody. Fed. R. Crim. P. 16(a)(1)(A). However, Brown received the 2013 police report detailing the topics discussed. He also received police reports detailing prior police interviews that occurred in 2010. He attached these documents to his § 2255 motion and his reply. Reply to Mot to Dis. Ex. A, C, 5:13cr30, ECF No. 462-1. Brown does not suggest that he made additional statements to police for which he does not have a written report and there is no evidence that the government withheld any such information. Accordingly, this claim too, fails.

## III.

Brown also filed a motion pursuant to the Judicial Estoppel Doctrine, arguing that the government "intentionally misled the court" by concealing evidence. Jud. Estop. Mot. at 1, 5:13cr30, ECF No. 463. This motion raises some of the same arguments that Brown made in his § 2255 motion and amended § 2255 motion, which the court has found unavailing. Accordingly, Brown's motion pursuant to the Judicial Estoppel Doctrine will be denied.

## IV.

For the reasons stated herein, the court will grant the government's motion to dismiss. An appropriate order will be entered this day. Because Brown has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability will be denied.

**ENTER:** This 14 day of September, 2016.

/s/ Michael F. Urbanski

United States District Judge