IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

UNITED STATES OF AMERICA          )
                                  )
v.                                )     Case No. 5:13-cr-00017
                                  )               5:13-cr-00030
                                  )
                                  )     By: Michael F. Urbanski
CHARLES FRANKLIN BROWN,           )     Chief United States District Judge
Defendant-Petitioner              )

MEMORANDUM OPINION

This matter comes before the court on defendant Charles Franklin Brown's motion for

compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 599 in Case No. 5:13-

cr-00030; ECF No. 121 in Case No. 5:13-cr-00017.[1] The government has responded, and

Brown has replied. ECF No. 604 in Case No. 5:13-cr-00030; ECF No. 126 in Case No. 5:13-

cr-00017. For the reasons stated herein, the court will **GRANT in part** Brown's motion for

compassionate release and reduce his sentence to 180 months.

I.

On July 1, 2014, Brown entered into a Rule 11(c)(1)(C) plea agreement in which he

pled guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C.

§§ 846, 841(a)(1), and 841(b)(1)(A) in Case No. 5:13-cr-30, and one count of possessing a

firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) in Case

---

[1] Although Brown was charged in two separate indictments which were assigned two different case numbers,
his plea agreement, presentence report, and judgment were consolidated.

No. 5:13-cr-17. Plea Agreement, ECF No. 234 in Case No. 5:13-cr-00030; ECF No. 40 in Case No. 5:13-cr-00017.

On the drug charge in Case No. 5:13-cr-30, Brown faced a statutory sentence of 10 years to life under 21 U.S.C. §§ 846 and 841(b)(1)(A). The government filed notice of its intent to rely upon previous convictions to increase Brown's sentence under 21 U.S.C. § 851. ECF No. 108 in Case No. 5:13-cr-00030; ECF No. 23 in Case No. 5:13-cr-00017. With the enhancement, at the time of his sentencing Brown faced a minimum statutory sentence of 20 years on the drug charge. 21 U.S.C. § 841(b)(1)(A) (2010).

On the firearm charge in Case No. 5:13-cr-17, he faced a minimum statutory sentence of 5 years, to run consecutively to the drug conviction under 18 U.S.C. § 924(c)(1)(A)(i).

Applying the United States Sentencing Guidelines (USSG or guidelines), on the drug conviction, Brown had an offense level of 38 based on at least 15 kilograms of methamphetamine. PSR, ECF No. 603 ¶¶ 27-35 in Case No. 5:13-cr-00030; ECF No. 125 ¶¶ 27-35 in Case No. 5:13-cr-00017. Even though Brown was found to be a career offender with an offense level of 37, the higher drug weight offense level of 38 was used. PSR, ECF No. 603 ¶ 33 in Case No. 5:13-cr-00030; ECF No. 125 ¶ 33 in Case No. 5:13-cr-00017. His guidelines sentence for the firearm offense was the 5-year statutory mandatory minimum. PSR, ECF No. 603 ¶ 37 in Case No. 5:13-cr-00030; ECF No. 125 ¶ 37 in Case No. 5:13-cr-00017.

Brown's status as a career offender increased his criminal history category to VI. Without the career offender designation, his criminal history category would have been III. PSR, ECF No. 603 ¶¶ 49-50 in Case No. 5:13-cr-00030; ECF No. 125 ¶¶ 49-50 in Case No.

2

5:13-cr-00017. Brown's criminal history of VI coupled with his offense level of 35 resulted in a guidelines sentence of 292 to 365 months. A criminal history category of III would have reduced his guidelines range to 210 to 262 months. USSG Ch. 5 Pt. A.

As part of the plea agreement, the parties agreed to a sentence of 216 months for Brown, and the government also agreed not to pursue the § 851 sentence enhancement. Plea Agreement, ECF No. 234 in Case No. 5:13-cr-00030; ECF No. 40 in Case No. 5:13-cr-00017. The sentence represented roughly a forty percent reduction of the guideline sentence, based on Brown's cooperation with the government. Sentencing Tr., ECF No. 384 at 11-15 in Case No. 5:13-cr-00030; ECF No. 70 at 11-15 in Case No. 5:13-cr-00017. Critically, although the government recommended a forty percent reduction from the guidelines, it did not file a substantial assistance motion.

On November 6, 2014, Brown was sentenced to 156 months on the drug count and 60 months on the firearm count for a total of 216 months, to be followed by a 5-year term of supervised release. J., ECF No. 333 in Case No. 5:13-cr-00030; ECF No. 59 in Case No. 5:13-cr-00017.

On September 10, 2018, Brown's sentence on the drug offense was reduced to 139 months pursuant to Amendment 782 of the guidelines,[2] making his total sentence 199 months. Order, ECF No. 508 in Case No. 5:13-cr-00030. Applying Amendment 782 to Brown's sentence resulted in a one-level, rather than two-level decrease, because Brown's status as a

---

[2] Amendment 782 reduced by two levels the offense levels assigned to drug quantities in USSG §§ 2D1.1 and 2D1.11. United States v. Hall, No. 6:08-cr-00013-1, 2019 WL 3824252, at *2 (W.D. Va. Aug. 14, 2019).

career offender meant that his offense could not drop below the career offender level of 37, decreased to 34 for acceptance of responsibility. The government agreed that "practically speaking," it had asked for a substantial assistance reduction for Brown of forty percent below the guideline range, and the government did not oppose a similar reduction to the career offender level, resulting in the 199-month sentence. Resp., ECF No. 503 in Case No. 5:13-cr-00030; Sentencing Mem., ECF No. 328 at 15 in Case No. 5:13-cr-00030. Brown has served more than seven years for the offenses and with credit for good time, he has a projected release date of February 28, 2029.[3]

## II.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"), authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

[3] https://www.bop.gov/inmateloc/ (last viewed May 5, 2022).

Accordingly, Brown's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

The government does not contest that Brown has exhausted his administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A). See United States v. Muhammad, 16 F.4th 126, 129 (4th Cir. 2021) (holding that the requirement that a defendant complete certain steps before filing a motion for compassionate release is a claim-processing rule and can be waived or forfeited). Accordingly, the court finds that Brown has satisfied the statute's exhaustion requirements.

The court must next consider whether there are any "extraordinary and compelling reasons" that would warrant "reduc[ing] the term of imprisonment" imposed in Brown's case. 18 U.S.C. § 3582(c)(1)(A). In United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020), the Fourth Circuit held that district courts may consider "any extraordinary and compelling reason for [compassionate] release that a defendant might raise." Id. (citing United States v. Brooker, 976 F.3d 228, 239 (2d Cir. 2020)). In so holding, the court rejected the notion that district courts are constrained by the policy statement found in USSG § 1B1.13 and the application note that accompanies the policy statement. See discussion, McCoy, 981 F.3d at 280-84.

Brown argues that if he were sentenced today, he would no longer be considered a career offender and his guidelines sentencing range would be greatly reduced. The PSR states that Brown was classified as a career offender under USSG § 4B1.1 because his instant offense

was either a crime of violence or a controlled substance offense and he had at least two prior felony convictions for either a crime of violence or a controlled substance offense. PSR, ECF No. 603 ¶ 33 in Case No. 5:13-cr-00030; ECF No. 125 ¶ 33 in Case No. 5:13-cr-00017. However, under United States v. Norman, 935 F.3d 232, 236-38, 241 (4th Cir. 2019), convictions for conspiracy to distribute drugs are no longer considered controlled substance offenses under USSG § 4B1.2. As the Fourth Circuit reasoned, because the "generic, contemporary meaning" of "conspiracy" requires an overt act, and "conspiracy" under § 846 does not require an overt act, § 846 criminalizes a broader range of conduct than that covered by generic conspiracy. Norman, 935 F.3d at 237-38 (applying the "categorical approach" set out in Taylor v. United States, 495 U.S. 575, 600-02 (1990)). Brown was convicted of conspiracy to distribute methamphetamine. Accordingly, if Brown were sentenced today, he no longer would be considered a career offender under § 4B1.2. Brown argues that without the career offender designation, his criminal history category would be III and his offense level would be 33, giving him a guidelines range of 168-210 months on the drug charge, plus 60 months on the firearm charge, for a range of 228 to 270 months. A forty percent reduction to a sentence of 228 months would be 137 months.

However, this argument ignores the fact that Brown is subject to a statutory mandatory minimum sentence of 120 months on the drug charge. Under 18 U.S.C. § 3553(e), a court may impose a sentence below a statutory minimum, upon motion of the government, "so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." In this case, although the government acknowledges

6

that Brown confessed in 2010 which let to its recommendation to reduce his sentence approximately forty percent below the guidelines level, the government did not move under § 3553(e) for the court to impose a sentence below the statutory minimum. In the absence of such a motion, the court does not have authority to reduce a sentence below the statutory minimum. Melendez v. United States, 518 U.S. 120, 125 (1996). It is not sufficient that the record reflects that substantial assistance has been given. Id. at 126. "Papers simply 'acknowledging' substantial assistance are not sufficient if they do not indicate desire for, or consent to, a sentence below the statutory minimum." Id. Accordingly, this court lacks authority to reduce Brown's sentence on the drug charge below 120 months in Case No. 5:13-cr-00030.

In light of the Fourth Circuit's decision in Norman, it is undisputed that Brown would not qualify as a career offender if he were sentenced today and he no longer would be subject to a guidelines range of 262 to 327 months. Instead, absent the career offender designation, and applying Amendment 782 reductions to Brown's drug quantity of 15 kilograms of methamphetamine, Brown would be subject to a sentencing range of 168 to 210 months on the drug charge and 60 months on the firearm charge for a combined sentencing range of 228 to 270 months. Applying a forty percent reduction to the 228-month sentence would result in a sentence of 137 months, consisting of 77 months on the drug charge and 60 months on the 924(c) charge. However, as noted above, the court cannot reduce his sentence on the drug charge below 120 months. Thus, the court finds that based on Norman, if Brown were sentenced today for the same offenses for which he was sentenced in 2014, he would be

subject to a mandatory minimum term of incarceration of 120 months on the drug offense and 60 months on the firearm offense for a total of 180 months.

In McCoy, 981 F.3d at 285-86, the Fourth Circuit found that a "gross disparity" between a petitioner's sentence at the time of conviction and the sentence that would be imposed under current law can be considered an "extraordinary and compelling reason" for granting compassionate release. The government argues that the disparity between the sentence Brown received in 2014 and the sentence he would receive for the same conduct today is not an extraordinary and compelling reason to reduce his sentence. The court disagrees. McCoy made clear that in the context of "stacked" sentences imposed under 18 U.S.C. § 924(c), "the enormous disparity between [the original] sentence and the sentence a defendant would receive today can constitute an 'extraordinary and compelling' reason for relief under § 3582(c)(1)(A)." McCoy, 981 F.3d at 285. This court and others have applied the McCoy reasoning when considering motions for compassionate release based on the claim that a defendant would no longer be considered a career offender if sentenced today. See, e.g., United States v. Cooper, No. 1:10CR00043-001, 2022 WL 1302708 (W.D. Va. May 2, 2022); United States v. Morris, No. 4:13cr25, 2022 WL 1285183 (E.D. Va. Apr. 29, 2022); United States v. Williams, No. 14-cr-428, 2021 WL 5827327 (E.D. Va. Dec. 8, 2021); United States v. Fennell, No. 7:13-cr00059, 2021 WL 5149915 (W.D. Va. Nov. 4, 2021); United States v. Richards, No. 3:11-cr-31, 2021 WL 3861599 (W.D. Va. Aug. 30, 2021); and United States v. Trice, No. 7:13-CR-34-1, 2021 WL 402462, at *3 (W.D. Va. Feb. 3, 2021).

Additionally, the fact that the difference in the two sentences is 19 months, and not the decades difference cited in McCoy, is not dispositive. This court found in United States v. Shaw, No. 5:15-cr-00025, 2021 WL 3007266 (W.D. Va. July 15, 2021), that a sentencing disparity of 22 months was an extraordinary and compelling reason to grant a sentence reduction. Here, the 19-month difference in the sentences is almost ten percent of Brown's current sentence and is more than a year-and-a-half of his life. The court finds that the 19-month disparity between Brown's current sentence and the sentence he would likely be given for the same conduct today meets the threshold discussed in McCoy, and Brown's change in career offender status is an "extraordinary and compelling" reason to warrant a sentence reduction under § 3582(c)(1)(A).

### III.

Having found that an extraordinary and compelling reason exists for a sentence reduction, the court "must 'consider[]' the § 3553(a) sentencing factors 'to the extent that they are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment." United States v. High, 997 F.3d 181, 186 (4th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). Those factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;

9

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; . . . .

(5) any pertinent policy statement –

(A) issued by the Sentencing Commission . . . .

(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Looking first at the nature and circumstances of the offense, Brown was a member of a large and long-running conspiracy that distributed multiple pounds of methamphetamine and cocaine base in Virginia. PSR, ECF No. 603 ¶¶ 16-22 in Case No. 5:13-cr-00030; ECF No. 125 ¶¶ 16-22 in Case No. 5:13-cr-00017. At the sentencing hearing, Brown was described by the government as the "third or fourth" "worst person" in the seven-member conspiracy, but also as the "most prolific crack dealer" in the conspiracy. Sentencing Tr., ECF No. 384 at

10-11 in Case No. 5:13-cr-00030; ECF No. 70 at 10-11 in Case No. 5:13-cr-00017. At the time he was arrested, he tried to elude police by driving off, and threw a firearm and a backpack containing marijuana and cash out of the car window. PSR, ECF No. 603 ¶¶ 17-18 in Case No. 5:13-cr-00030; ECF No. 125 ¶¶ 17-18 in Case No. 5:13-cr-00017. The facts surrounding the conspiracy, gun charge, and attempted escape weigh against a reduction in his sentence.

On the other hand, the government told the court at sentencing that Brown provided the government with a great deal of information that was "extraordinarily valuable" in the prosecution of the case. Sentencing Tr., ECF No. 384 at 11-12 in Case No. 5:13-cr-00030; ECF No. 70 at 11-12 in Case No. 5:13-cr-00017. It was because of Brown's assistance that the government agreed to a forty-percent reduction in the guidelines sentence. This factor weighs in favor of a sentence reduction.

Turning to the history and characteristics of the defendant, Brown reported being raised by supportive parents although he primarily lived with his mother. His only reported drug abuse was daily use of marijuana until he was arrested on the instant offense. His criminal history involved two state court drug distribution offenses. His other offenses were for driving without a license and failure to pay child support. PSR, ECF No. 603 ¶¶ 39-46 in Case No. 5:13-cr-00030; ECF No. 125 ¶¶ 39-46 in Case No. 5:13-cr-00017. Since being incarcerated, Brown has taken many classes and is considered to be at low risk for recidivism. ECF No. 599-3 in Case No. 5:13-cr-00030; ECF No. 121-3 in Case No. 5:13-cr-00017. He reported having had only three disciplinary infractions in seven years of incarceration, although he did

11

not describe the infractions. Brown's history and characteristics are neutral factors in deciding whether a reduction in his sentence is appropriate.

Turning to the next factors, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant, the court finds that a reduced sentence would be sufficient to accomplish these goals. A sentence of 180 months is substantial, and the court does not believe that additional time is necessary to achieve the punitive and deterrent goals of punishment. Nor does the court find that additional time is necessary to provide Brown with educational or vocational training, medical care, or other correctional treatment.

Looking at the kinds of sentences available and the applicable guidelines range, as discussed above, Brown would face a statutory mandatory minimum sentence of 180 months for his offenses if he were sentenced today. This factor weighs in favor of a reduction of his sentence.

Finally, considering the need to avoid unwarranted sentencing disparities, the court notes that if Brown's sentence on the drug charge is reduced to 120 months, that sentence is still higher than the sentences assessed for all but two other members of the conspiracy, who were sentenced to 150 months and 180 months on the charges. Sentences for the remaining four defendants ranged from 60 months to 108 months. This indicates that a reduction of

12

Brown's sentence on the drug charge to 120 months does not cause an unwarranted sentencing disparity between Brown and his codefendants.

After considering the parties' arguments and the applicable § 3553(a) factors, the court concludes that a sentence reduction is warranted in Brown's case. Given the circumstances of this case, including Brown's history and characteristics, and the changes in case law impacting the career offender guideline, the court concludes that a sentence of 180 months is appropriate. Such a sentence is sufficient, but not greater than necessary, to reflect the seriousness of Brown's conduct and criminal history, promote respect for the law, provide just punishment, afford specific and general deterrence, and protect the public. See 18 U.S.C. § 3553(a).

## IV.

For the above-stated reasons, the court will **GRANT in part** Brown's motion for compassionate release, ECF No. 599 in Case No. 5:13-cr-00030; ECF No. 121 in Case No. 5:15-cr-00030, and reduce his sentence to 180 months. The clerk is directed to send a copy of this memorandum opinion and accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

It is so **ORDERED.**

Entered: May 10, 2022

Michael F. Urbanski
Chief United States District Judge

13